LAND, J.
 

 Petitioner was employed on May 16, 1921, as a pipeman in the fire department of the city of New Orleans, after examination in accordance with the civil service rules of the civil service commission of that city.
 

 Petitioner passed the civil service examination under the name of William C. Crais, Jr., and was carried, on the rolls of the fire department under that name for a number of years.
 

 Finally, a charge that petitioner was on the rolls as an employee of the fire department under an assumed name was filed against petitioner before the civil service commission, on or about March 15, 1927.
 

 Petitioner was tried and found guilty of the charge by the commission; his name was ordered stricken from the rolls; he was discharged from the fire department by the commission; and a rehearing was refused May 29, 1927.
 

 Petitioner alleges that he has been out of employment for a period of about eighteen months; that the civil service commission of the city of New Orleans, in discharging him, exceeded its authority and abused its discretion ; and that there is now legally due to him the sum of $2,100.
 

 Petitioner prays for judgment against the city of New Orleans and its board of civil service commissioners in the sum of $2,100, with interest from judicial demand; that the alleged error in petitioner’s name be corrected; and that he be restored to his position as a pipeman in the fire department of that city.
 

 Defendants filed an exception of no right or cause of action, which was maintained by the lower court, and from the judgment dismissing plaintiff’s suit he has appealed.
 

 
 *934
 
 We do not find it necessary, under the exception of no right or cause of action, to pass upon the question whether the petition sufficiently alleges that the civil service board acted arbitrarily and abused its discretion in discharging petitioner.
 

 It is well settled that the right to be reinstated may be lost by laches or unreasonable delay in making application for that purpose. Am. and Eng. Ency. of Law (2d Ed.) vol. 19, 774; State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662; United States ex rel. Arant v. Lane, Secretary of the Interior, 249 U. S. 367, 39 S. Ct. 293, 63 L. Ed. 650. In the first case cited, the plaintiff, a police captain, waited a year, less six days, after his dismissal, and, in the second case cited, the plaintiff, the superintendent of a national park, delayed twenty months, before seeking reinstatement.
 

 In each of these cases, the plaintiffs were held to be guilty of unwarrantable laches and their suits were dismissed.
 

 Plaintiff, in the case at bar, delayed eighteen months before instituting the present suit for reinstatement, and, in our opinion, is guilty of such laches as will defeat his right to the reli'ef sought.
 

 As said in United States ex rel. Arant v. Lane, Secretary of the Interior, 249 U. S. 367, 39 S. Ct. 293, 294, 63 L. Ed. 650: “When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively, assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.
 

 “Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him, renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.
 

 “In this conclusion we are in full agreement with many state courts in dealing with similar problems. State ex rel. McCabe v. New Orleans Police Board, 107 La. 162, 31 So. 662; Stone v. Prison Com’rs, 164 Ky. 640, 176 S. W. 39; People ex rel. Connolly v. Board of Education, 114 App. Div. 1, 99 N. Y. S. 737, and cases cited; Clark v. Chicago, 233 Ill. 113, 84 N. E. 170.”
 

 Judgment affirmed.