For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.

153 So. 533

## STATE ex rel. KOEHL v. SEWERAGE AND WATER BOARD OF NEW ORLEANS.

No. 31940.

Feb. 26, 1934.

McCaleb & McCaleb and Arthur B. Leopold, all of New Orleans, for appellant.

Nat W. Bond, City Atty., Henry B. Curtis, Asst. City Atty., and Gus A. Llambias, Sp. Counsel for Sewerage and Water Board, all of New Orleans, for appellee.

LAND, Justice.

This is a mandamus proceeding in which relator alleges that he was a civil service employee, "emergency clerk," in the employment of respondent board, but was discharged by the board, without cause and without hearing, in violation of Act No. 89 of 1900.

Relator prays that the board be commanded to reinstate him in his former position, and to pay relator $225 per month from May 1, 1931, for each month up to such time as he is restored to his position.

An exception of no cause or right of action was filed in the lower court by the board, on the grounds that the position held by relator, at the time of his discharge and for several years before, was not under civil service regulation, and that relator was guilty of laches in the unreasonable delay in bringing an action to have himself reinstated in the position heretofore held by him.

The plea of laches was sustained by the lower court, and relator's suit was dismissed.

From this judgment relator has appealed.

■ 1. The facts of the case are that relator was employed by the board in April, 1911, as a clerk in the office of the secretary. He took a civil service examination and his emergency appointment was confirmed. Relator was appointed assistant cashier in July, 1925, and on the death of Mr. Jamison, cashier, relator succeeded him in June, 1929. The position of cashier does not come under civil service rules and regulations, but is specifically exempt from the provisions of Act No. 89 of 1900.

April 15, 1931, the position of cashier was abolished and relator's services were dispensed with, in the reorganization of the forces and departments of the board, necessitated by decrease of work and reduction in revenues.

It is specifically provided in section 13 of Act No. 6 of 1899 (Ex. Sess.) that: "Nothing herein provided shall be construed as preventing the board from dispensing with the services of unnecessary employees," and this provision applies to all employees of the board, whether under civil service regulations or not.

When relator's position of cashier was abolished, no one took his place. The work was divided between the two young men working under him, in addition to what they had been doing. They were clerks and remained clerks.

In the reorganization of its forces and consolidation of departments, the board found that the economic conditions were best served by abolishing the position of relator. It therefore appears that the board acted in good faith and the public interest. Under such a state of facts, the action of the board was legal and justifiable. State ex rel. Ware v. Sewerage and Water Board, 160 La. 251, 106 So. 845.

■ 2. In our opinion, the plea of laches was properly sustained by the trial judge.

Relator's position *was abolished* and relator's services were dispensed with April 15, 1931. The present suit was not brought until April 6, 1932, one year, less a few days, afterwards.

Immediately after his discharge, relator went to see the mayor, but got no promises from him. He then consulted his attorney, with the idea of bringing suit.

About May 15th, he went to call upon the secretary of the board. Relator states that the secretary said to him: "I have been thinking about putting you up in the purchasing department."

About 45 days later, relator went back to see the secretary, and testifies that the secre-

tary said to him: "Well, the taxes are not coming in now; of course, we can't do anything just now; I don't see my way clear."

Relator saw the secretary about seven or eight different times in his office and once on the street. The last time he saw him was about March 25th, and on all these occasions, as testified to by relator, the secretary kept repeating: " 'We haven't got any taxes in yet, and they owe us five hundred thousand dollars,' which would lead me to believe that he couldn't put me to work at that time."

Relator admits that the position which he claims the secretary promised him was a different one from that formerly held by him.

The secretary of the board states positively that, at no time, did he make the promise that he would reinstate relator in his former position.

Relator was told, on each and every occasion that he saw the secretary of the board, that the taxes were not coming in, and that he did not see his way clear to do anything about getting relator a new position. It does not seem to us that a reasonable man, under such circumstances, could believe that he had any chance at all for re-employment by the board. Moreover, there was no definite promise given relator about a new position, such as would lull him into a sense of security and delay his action in bringing suit.

Our conclusion is that the court below did not err in sustaining the plea of laches made by respondent board. Crais v. City of New Orleans, 172 La. 931, 136 So. 7.

Judgment affirmed.

O'NIELL, C. J., and ST. PAUL, J., absent.