ROGERS, Justice.
 

 Frank Lutz, the relator, after successfully complying with the appropriate civil service laws, was employed by the respondent sewerage and water board of New Orleans in various capacities from January 1, 1904, until April 1, 1931. He was first employed as a rodman, then as an inspector, and later as a foreman, which position he was occupying when he was formally discharged on March 25, 1931, effective March 31, 1931.
 

 Alleging that his discharge was without just cause and was violative of the civil service laws, Lutz instituted this proceeding for mandajnus to compel the respondent sewerage and water board to reinstate him in his former position and to pay him such salary as he would have earned if he had not been discharged.
 

 Relator’s suit was filed on March 30, 1932, and respondent pleaded that relator by his laches in failing to promptly institute the suit was barred from claiming the relief sought, if any such claim existed. Respondent also pleaded, as a defense to relator’s demand, that relator was discharged as an unnecessary employee in pursuance of the policy of retrenchment adopted by respondent to meet its diminished revenues.
 

 The court below sustained respondent’s plea of laches and dismissed relator’s suit. Relator has appealed.
 

 We think both defenses are well founded. It is well settled that a public employee unlawfully removed from his employment may lose his right to be reinstated by his laches or unreasonable delay in asserting that right. Crais v. City of New Orleans, 172 La. 931, 136 So. 7; State ex rel. Koehl v. Sewerage & Water Board, 179 La. 117, 153 So. 533, recently decided.
 

 Relator waited one year before filing the present suit for reinstatement. Immediately after his discharge, relator called on Mr. Douglas, personnel officer, and on Mr. Moffat, secretary, of the board. Relator made some attempt to show that Mr. Douglas promised to reinstate him as soon as the finances of the board would permit. Mr. Douglas denied that he made such a promise. The record also shows that Mr. Douglas is merely the chief clerk in the employment or personnel office and that all his acts are subject to the approval of Mr. Moffat, secretary of the board. Mr. Moffat plainly told relator that he was compelled to discharge him because the. lack of funds necessitated retrenchment in all departments of the' board. No hope was held out to relator by any one in authority that he would be reinstated. The fact that in August, 1931, Mr. Moffat, out of sympathy for relator, employed relator for one week as an inspector, could not have misled him. Relator well understood, as he admitted on the witness stand, that the job was
 
 *745
 
 merely a temporary one. In these circumstances, relator is guilty of such laches as will defeat-his right to the relief sought, if any such right existed, which we do not think is the case.
 

 At the time relator was discharged, the revenues of the respondent board had decreased, the work had dwindled, and unnecessary employees had to be discharged. The board was compelled to reorganize its departments and to adjust its activities to its diminished revenues. Departments were consolidated, positions abolished, and work redistributed. Relator was one of the many employees whose services were dispensed with as being unnecessary. No one took his place.
 

 Section 1 of Act No. Ill of 1902, -amending section 13 of Act No. 6 of 1899, Extra Session, declares'that: “Nothing herein shall be construed as preventing the Board from dispensing with the services of unnecessary employees.” This statutory provision applies to all employees of the respondent board, whether they are under civil service rules or not.
 

 The respondent board, in abolishing the position formerly held by relator and distributing the work he had performed among other employees, appears to have acted in good faith and in the public interest. Hence, the act of the board was a valid exercise of its power under the hereinabove referred to statutory provision. State ex rel. Ware v. Sewerage & Water Board, 160 La. 251, 106 So. 845; State ex rel. Koehl v. Sewerage & Water Board, supra.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ST. PAUL, J., absent.