ROGERS, Justice.
 

 Relator appeals from a judgment rejecting on the ground of laches his demand for reinstatement and hack salary as a civil service employee of the respondent board. Relator was employed indifferently as watchman and laborer by the respondent board from May 21, 1925, to October 17, 1930, on which date, while working as a laborer, he was discharged. Relator was one of a number of employees whose services were dispensed with by the respondent board in the ¡reorganization of its forces and departments ¡necessitated by decrease of work and reduction of revenues. Under section 1 of Act No. Ill of 1902 amending section 13 of Act No.. 6 of 1899, Extra Session, the respondent board is authorized to dispense with unnecessary employees, whether under civil- service ¡regulations or not. No one took relator’s ¡place, and in discharging him the respondent board appears to have acted in good faith rand in the public interest.
 

 Relator’s suit was filed on April 28, 1932. During the time elapsing between the date of his discharge and the date-his suit was filed, no promise was made relator he would be reinstated, and relator was given no cause to believe his discharge would be reconsidered by the respondent hoard.
 

 It is well settled that the right of a public employee to he reinstated in his employment may be lost by laches or unreasonable delay in asserting that right. Crais v. City of New Orleans, 172 La. 931, 136 So. 7; State ex rel. Koehl v. Sewerage & Water Board, 179 La. 117, 153 So. 533; State ex rel. Lutz v. Sewerage
 
 &
 
 Water Board, 179 La. 742, 155 So. 10, recently decided.
 

 Relator delayed for eighteen months and eleven days before bringing his. suit, and in our opinion is guilty of such laches as will defeat his right to reinstatement, if any such right ever existed.
 

 Eor the reasons assigned, the judgment appealed from is affirmed.