### FONTENOT v. EVANGELINE PARISH SCHOOL BOARD.

### No. 1913.

Court of Appeal of Louisiana.
First Circuit.
Dec. 19, 1938.

Francis R. Edwards and W. C. Perrault, both of Opelousas, for appellant.

E. H. Guillory, of Ville Platte, for appellee.

DORE, Judge.

According to the allegations in her petition, the plaintiff was a teacher in the public schools of Evangeline Parish, Louisiana, for eighteen consecutive years up to and including May, 1936. The Evangeline Parish School Board failed to reappoint her for the 1936–37 school session or for any subsequent session, and on July 19, 1938, she filed the instant suit alleging in effect that under the Teachers' Tenure Act No. 58 of 1936, she was entitled to judgment against the Evangeline Parish School Board for her salary for the school sessions of 1936–37 and 1937–38; that is, 18 months at the rate of $86.75 per month with legal interest on each month's salary from date of maturity until paid, and for reinstatement as a permanent teacher in the public schools of Evangeline Parish at a monthly salary of $86.75 plus the customary increase in salary of $10 per month granted to teachers of said parish after each ten successive years of service.

The defendant filed an exception of no cause or right of action, basing the exception on three separate points: (1) That the plaintiff was not a permanent teacher in the public schools of Evangeline Parish on July 28, 1936, when Act No. 58 of 1936 went into effect; (2) that even if she were considered a permanent teacher under the terms of the Act, her failure to institute legal proceedings until July 19, 1938, constitutes laches justifying denial of relief; and (3) that even if plaintiff's claim is well founded, such claim is a community claim and should be prosecuted by plaintiff's husband.

The lower court sustained the exception on all three points. The plaintiff has appealed.

Without passing on the merits of the first and third points, it is the opinion of this court that the plaintiff, in waiting approximately two years before filing her suit, was guilty of laches, and that therefore the exception should be sustained on the second point, since the laches of plaintiff in seeking reinstatement and recovery of back salary may be urged in an exception of no cause of action. Crais v. City of New Orleans, 172 La. 931, 136 So. 7. The fact that no reason is given in plaintiff's pleadings for the long delay in bringing the suit justifies a finding on the pleadings that she is guilty of laches. It is true that she filed a motion to have the question of laches determined before the trial on the merits, but she does not set up any reasons to justify the delay. In our opinion, the two cases of State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830, and State ex rel. McMurray v. School Board, 189 La. 502, 179 So. 834, are decisive of this point in favor of the school board in this case.

For these reasons, the judgment appealed from is affirmed.