(106 So. 845)

No. 25390.

## STATE ex rel. WARE v. SEWERAGE AND WATER BOARD OF NEW ORLEANS.

· (Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ☞215—Act relative to dock board employees held not to amend act relating to employees of sewerage and water board of New Orleans.**

Act No. 15 (Extra Sess.) 1915, relating to dock board employees engaged in warehouse and other structures in aid of commerce, *held* not to amend Act No. 111 of 1902, § 13, relating to employees of sewerage and water board of New Orleans.

**2. Municipal corporations ☞218(6)—Sewerage and water board of New Orleans empowered to abolish civil service position.**

Sewerage and water board of New Orleans is empowered to abolish civil service position, and dispense with services of unnecessary civil service employee, in view of section 13 of Act No. 6 of Acts 1899 (Extra Sess.) as amended by section 1 of Act No. 111 of Acts 1902.

**3. Municipal corporations ☞218(6)—Abolition, by sewerage and water board of New Orleans, of civil service position during suspension of employee, held valid exercise of power.**

Abolition, by sewerage and water board of New Orleans, of civil service position during suspension of civil service employee from such position, presumably in the interest of economy, *held* valid exercise of board's power, under section 13 of Act No. 6 of Acts 1899 (Extra Sess.) as amended by section 1 of Act No. 111 of Acts 1902.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Mandamus by the State, on the relation of Frank D. Ware, against the Sewerage and Water Board of New Orleans. From the judgment of dismissal, relator appeals. Affirmed.

James Barkley Rosser, Jr., of New Orleans, for appellant

Walter L. Gleason, of New Orleans, for appellee.

BRUNOT, J. The petition alleges that plaintiff complied with the provisions of section 13 of Act 111 of 1902, as amended by Act 15 of 1915 (Extra Sess.) and became a civil service employee of the sewerage and water board of the city of New Orleans; that he was first employed as a meter reader, but was promoted to the position of clerk in the water department of the board; that he was summarily dismissed from the service on February 14, 1921, without cause and without a hearing; and, at the date of his dismissal, he was receiving a salary of $135 per month. The prayer of the petition is for an alternative writ of mandamus commanding the sewerage and water board to reinstate plaintiff as clerk of the water department of the board and to pay him salary, at the rate of $135 per month, from February 14, 1921, or to show cause to the contrary.

The defense is that the position held by relator was abolished by the board.

The trial of the cause in the civil district court resulted in a judgment dismissing relator's demands, from which judgment he appealed.

[1] As a preliminary discussion, we will say that, in our opinion Act 15 of 1915 does not amend section 13 of Act 111 of 1902. The title of Act 15 of 1915 shows that it applies only to dock board employees engaged in warehouses and in other structures in aid of commerce, while section 13 of Act 111 of 1902 has application only to employees of the sewerage and water board of New Orleans engaged in the public sewerage and public water and drainage systems of the city.

[2] The sole question presented in this case is whether the sewerage and water board of the city of New Orleans can legally abolish a position and dispense with the services of an unnecessary civil service employee. We do not think the question is debatable if it appears that the board acted in good faith and in the public interest.

The law governing this case is section 13 of Act No. 6, Extra Session of 1899, as amended by Act No. 111 of 1902, § 1. The section is as follows:

"Be it further enacted, etc., that said board shall have power and authority to employ all the *necessary* clerks, engineers, firemen and other skilled and unskilled employees necessary and proper to the efficient administration, operation and control of the said public sewerage and said public water and drainage systems. All such employees, except unskilled laborers, shall be appointed only after they have passed the civil service examination by the civil service commissioners of the city of New Orleans. They shall hold their positions during good behavior and shall be removed only for cause, and after hearing by the civil service commission. The general superintendent shall have authority to supend an employee for cause until trial before the commission. *Nothing herein shall be construed as preventing the board from dispensing with the services of unnecessary employees,*" etc. (Underscoring by the court.)

The facts of the case are that relator was suspended for neglect of duty. He made a vain effort to obtain reinstatement, but thereafter accepted other employment. The board then abolished the position relator had held and distributed the work he had performed among other employees. This appears to have been done in the interest of economy and without detriment to the public service. Subsequently relator was again without employment, and, being denied reinstatement because of the abolition of the position he had formerly held with the sewerage and water board, he filed this suit.

[3] This is not such a case as was presented in State ex rel. J. P. Skelly v. Board of Commissioners of the Port of New Orleans (La.) 105 So. 510,[1] No. 26840 of the docket of this court, nor in State ex rel. Thurmond v. City of Shreveport, 124 La. 178, 50 So. 3, 134 Am. St. Rep. 496. Counsel for relator also cites from 5 R. C. L. p. 614, the following:

"Authorities will not be allowed to evade civil service regulations by making a colorable change

in the title of an office so as to oust the incumbent and permit the appointment of another person to perform essentially the same duties under a new name in the office."

The foregoing authorities do not apply to the case before us, because the facts show that the sewerage and water board of the city of New Orleans are not chargeable with a subterfuge in an attempt to circumvent the law. The board, after the suspension of relator, found that he was an unnecessary employee, and, presumably in the interest of retrenchment and economy, it actually abolished the position he had held. That the board acted thus in the matter while relator was under suspension is immaterial. Possibly the mere fact of his suspension and the distribution of the work he had performed among other employees demonstrated to the board that he was an unnecessary employee. And section 13 of Act 6, Extra Session of 1899, as amended, contains the following provision:

"Nothing herein shall be construed as preventing the board from dispensing with the services of unnecessary employees."

For these reasons, we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.

---

(107 So. 101)