Ricardo A. Gómez, Petitioner, *v.* Luis Negrón Fernández, Acting Attorney General of Puerto Rico, Respondent.

No. 408. Argued July 2, 1945.—Decided July 16, 1945.

R. *Cuevas Zequeira* and *A. Ortiz Toro* for petitioner. *Luis Negrón Fernández, Acting Attorney General,* and *Luis Venegas Cortés, Assistant Attorney General,* for respondent.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In the petition filed in this case it is alleged, in brief, that appellant Ricardo A. Gómez was appointed on April 13, 1943, by the Governor, with the advice and consent of the Senate,

to fill the office of *Fiscal* of the Supreme Court for a term of four years pursuant to Act No. 39 of March 7, 1912; that appellant held that office until June 30, 1945, and fulfilled all the duties thereof; that the Legislative Assembly of Puerto Rico passed Act No. 270, approved May 14, 1945, in order to amend Act No. 39 of 1912, and as to the position of *Fiscal* of the Supreme Court "it confined itself to making a slight alteration in the official designation of the office in question, the title of which is now Assistant Attorney General and *Fiscal* of the Supreme Court with the same obligations, emoluments, and duties as the former office"; that, at the request of the petitioner, the respondent sent him a letter on July 2, 1945, wherein he informed him that he refused to appoint him to the office of Assistant Attorney General and *Fiscal* of the Supreme Court, created by Act No. 270 of 1945, because he regards the office of *Fiscal* of the Supreme Court as abolished by said Act and the new position is to be filled by appointment by the Attorney General, and that in his opinion petitioner is not entitled "to hold the new office of Assistant Attorney General, who shall also be the *Fiscal* of the Supreme Court" because of the fact that he held the office, now nonexistent, of *Fiscal* of the Supreme Court; that said letter sought and effected the removal of petitioner from the office he held, without any charges having been preferred against him and without petitioner having performed any act which incapacitated him to continue in the discharge of the office of *Fiscal* of the Supreme Court; that respondent's act "is unjust, arbitrary, oppressive, and *ultra vires,* inasmuch as it tends to deprive plaintiff of his status as a public officer, entitled to continue in his office until April 13, 1947, and to receive the salary corresponding to said office"; that plaintiff lacks an adequate, speedy, and effective remedy at law in order to compel respondent to comply with his ministerial duty" of reinstating him "in the office which he held until June 30, 1945." Lastly, plain-

tiff sets forth the reasons for resorting to this court, in the first instance, and he prays that a writ of mandamus be issued against Luis Negrón Fernández, Acting Attorney General, "commanding him to reinstate petitioner immediately in the office of *Fiscal* of the Supreme Court of Puerto Rico." And, further, that the alternative writ customary in these cases be accordingly issued.

We granted to petitioner and respondent each a term within which to file their briefs as to whether the alternative writ would lie herein; and said briefs have been filed.

In our opinion the facts alleged do not justify the issuance of the writ of mandamus for the following reasons:

■ The petition was predicated on the theory that the appointment to an office not included in the Classified Civil Service, as is the case here,[1] vests the person appointed with the "status of a public officer entitled to remain in office" for a fixed period, even though the Legislature has abolished said office. This is not so even in connection with those offices included in the Classified Civil Service, when the office has been abolished by the Legislature in good faith. It was so held in *Cruz* v. *Buscaglia, Treas.*, 61 P.R.R. 713, 721, where we stated:

". . . It is a well-established doctrine that any public position within the Classified Civil Service can be abolished in good faith

---

[1] Section 4 of the Civil Service Law, in its pertinent part, provides:

"Section 4. The Unclassified Service. The Unclassified Service shall comprise:

"(a) .      .      .      .      .      .      .

"(b) All officers appointed by the Governor by and with the advice and consent of the Senate.".

It was held in *Sárraga* v. *Treas. of Puerto Rico et al.*, 56 P.R.R. 855, copying from the syllabus, that:

"An employee not comprised within the Classified Civil Service is not entitled, on being removed from office, to the protection accorded to those comprised within the Classified Service by Act No. 88 of 1931 in regard to their removal for just cause and after an opportunity to be heard in their own defense."

To the same effect see *Rodríguez* v. *Buscaglia*, 63 P.R.R. 470.

by the Legislature, since the Civil Service Laws do not guarantee to any public employee the right to hold a position which is no longer necessary. *State ex rel Voris* v. *Seattle*, 74 Wash. 199, 133 P. 11; 4 A.L.R. 198; *State ex rel Ware* v. *Sewerage & Water Bd.*, 160 La. 251, 106 So. 845; Annotation at 37 A.L.R. 816. . . .''

The cases decided by this court in support of the proposition that the abolition of an office and the creation of another with a different name but with the same duties and obligations, does not take away from the incumbent of the former the right to be appointed to the latter, have been cases where the positions or employments were within the Classified Civil Service, and where the facts disclosed that the officer or employee involved had acquired a permanent status in said service. See *Cruz* v. *Buscaglia, supra; Rosario* v. *Cuevas, Commissioner,* 60 P.R.R. 457; *Géigel* v. *Rivera, Commissioner,* 48 P.R.R. 120, and *Romero* v. *Gore, Governor,* 46 P.R.R. 366, 394.

With the limitations which the Civil Service Law contains for the protection of those officers or employees who have an acknowledged permanent status within the Classified Civil Service,[2] there does not exist, therefore, what petitioner calls his *"status of a public officer entitled to remain in office" for a fixed period,* if the Legislature has deemed it proper to abolish his office. Let us see, therefore, whether this has been done in the case of the petitioner.

The facts alleged in the petition show that the doctrine established by those decisions and other similar ones cited by the petitioner in his brief is not applicable to the case at bar.

▬ The office of *Fiscal* of the Supreme Court was originally created by virtue of § 2 of General Order No. 118 of August 16, 1899, promulgated by Brigadier General Davis, which when creating this court, provided that "it shall also have a *Fiscal.*" Subsequently, the Legislature of Puerto

---

[2] And even in regard to said Act, the Legislature may repeal or limit its scope. *Cruz* v. *Buscaglia, supra.*

Rico, when enacting the Political Code of May 1, 1902, provided in § 66 thereof that: "The Attorney General may appoint two Assistant Attorneys General who, under his direction shall aid him in his official duties, and one of whom shall attend the Supreme Court as the fiscal thereof."

Not until 1912 did the Legislature again legislate in connection with the office of *Fiscal*. Section 2 of Act No. 39 of March 7 (Laws of 1912, p. 743) provided: "The Governor, by and with the consent of the Executive Council, shall appoint a fiscal of the Supreme Court, whose term of office shall be for four years." Sections 3, 4, and 5 of that Act prescribed the qualifications, duties, obligations, and salary of said *Fiscal*.

We do not think it necessary to consider and decide the question raised by respondent in his brief, as to whether § 14 of the Organic Act, approved March 2, 1917, had the effect of repealing by implication Act No. 39 of 1912,[3] as this question is not before us by virtue of the allegations of the petition.

But what we have before us is the fact that by § 1 of Act No. 270 of May 14, 1945 (Laws of 1945, p. 944), the Legislature expressly repealed §§ 2, 3, 4, and 5 of Act No. 39 of 1912, thus abolishing the office of *Fiscal* of this court. Section 2 of said Act provides that: "The office of Assistant Attorney General, *who shall also be* the Fiscal of the Supreme Court of Puerto Rico, is hereby created in the Department of Justice." (Italics ours.) Under § 3 there is created, in the same Department, the office of Assistant Law Clerk of the Assistant Attorney General, who shall also be Assistant *Fiscal* of the Supreme Court of Puerto Rico. The

---

[3] Section 14, in its pertinent part, provides:

"That the Attorney General shall have charge of the administration of justice in Porto Rico; he shall be the legal adviser of the Governor and the heads of departments and shall be responsible for the proper representation of the people of Porto Rico or its duly constituted officers in all actions and proceedings, civil or criminal, in the Supreme Court of Porto Rico in which the people of Porto Rico shall be interested or a party, . . ."

Act further provides the duties or obligations of these two officers, and that their salaries shall be included annually in the General Budget of Expenses of the Government of Puerto Rico.

Can it be maintained that the office of Assistant Attorney General, who shall also be the *Fiscal* of the Supreme Court, created by Act No. 270 of 1945, is the same office as that of *Fiscal* of the Supreme Court abolished by said Act and created by Act No. 39 of 1912? Even if the duties or obligations of both offices should be similar or even identical, we think that the offices are distinct. The *Fiscal* of this court, created by Act No. 29, was an officer appointed by the Governor of Puerto Rico with the approval of the Executive Council, now the Senate of Puerto Rico, for a term of four years. The new office of Assistant Attorney General and *Fiscal* of this court, is created as subordinate to the Attorney General and is appointed by the latter without a fixed term, and therefore, the incumbent of said office may be replaced by the Attorney General at his pleasure. The Legislature, therefore, did not confine itself, as alleged by petitioner, "to making a slight alteration in the official designation of the office," but it changed, fundamentally, the mode of appointment and the tenure. And when there exists the slightest difference between two offices, not in their official designation, but in the nature thereof, it can not be maintained that the former office has not been abolished. Accepting, for the sake of argument, that the petitioner, as he alleges, could not have been removed without the preferment of charges, such fact did not bar the Legislature from abolishing his office.[4]

As was said in *Newton* v. *Commissioner,* 100 U. S. 548, 569: "The legislative power of a State, except so far as restrained by its own constitution,[5] is at all times absolute

---

[4] It has been held that the power of the Legislature to abolish offices created by it, is not limited by any constitutional provision for the impeachment and removal of officers. *Hawkins* v. *Roberts & Son,* 122 Ala. 130, 27 So. 327; *State ex rel. Yancey* v. *Hyde,* 129 Ind. 296, 28 N.W. 186.

with respect to all offices within its reach. It may at pleasure create or abolish them, or modify their duties. It may also shorten or lengthen the term of service.''

This power may be exercised at any time, even when the office is filled by an incumbent properly elected or appointed.[6] In *Butler* v. *Pennsylvania,* 10 How. 402, 416 (1850), the Supreme Court of the United States laid down the doctrine, since confirmed and still in force,[7] that ''in every perfect or competent government, there must exist a general power to enact and to repeal laws; and to create, and change or discontinue, the agents designated for the execution of those laws. Such a power is indispensable for the preservation of the body politic, and for the safety of the individuals of the community. It is true that this power, or the extent of its exercise, may be controlled by the higher organic law or constitution of the state, as is the case in some instances in the state constitutions, . . . *but where no such restriction is imposed, the power must rest in the discretion of the government alone.* . . . We have already shown that the appointment to and the tenure of an office created for the public use, and the regulation of the salary affixed to such an office, do not fall within the meaning of the Section of the Constitution relied on by the plaintiffs in error; do not come within the import of the term *contracts* or, in other words, the vested, private personal rights thereby

---

[5] Our Organic Act does not contain any limitation in this respect. On the contrary, § 40 thereof provides, in part, that:

''That the judicial power shall be vested in the courts and tribunals of Porto Rico now established and in operation under and by virtue of existing laws. The jurisdiction of said courts and the form of procedure in them, *and the various officers and attachés thereof, shall also continue to be as now provided until otherwise* provided by law; ''

[6] That our Legislature has exercised this power at other times is shown by the enactment of Act No. 58 of April 29, 1930, by virtue of which it declared vacant the office of judge in each district court of Puerto Rico and their tenure of office was changed from four to ten years.

[7] See *Higginbotham* v. *Baton Rouge,* 306 U. S. 535, 538 (1939), wherein *Newton* v. *Commissioners, supra,* is also cited with approval.

intended to be protected. They are functions appropriate to that class of powers and obligations by which governments are enabled, and are called upon, to foster and promote the general good; functions, therefore, which governments cannot be presumed to have surrendered, if indeed they can under any circumstances be justified in surrendering them." (Italics ours.)

It is a well-settled rule, therefore, that by abolishing an office created by the Legislature, the incumbent is not deprived of any constitutional right, for he has no contractual right or property interest in accepting an office created by the Legislature. He accepts it with the understanding that it may be abolished at any time. See 42 Am. Jur. 904, Public Officers, § 33, and the Annotations in 4 A.L.R. 215, and 37 A.L.R. 815.

In *House* v. *Creveling,* 147 Tenn. 589, 250 S. W. 357 (1923), it was held that the Legislature may adopt a new system of government for such institutions or agencies of the state as are not protected by the Constitution and to this end the Legislature may abolish the old plan and the office created for the administration of the old plan in whole or in part.

The Legislature of Puerto Rico besides enacting Act No. 270, *supra,* at its last session, vested the Attorney General with ample powers to reorganize the Executive Branch of his Department when it appropriated in the Budget of General Expenses for the fiscal year 1945–46, a global sum of $152,168, for the payment of "salaries for other officials and employees," the only salaries fixed by the Legislature being those of the Attorney General, of a District Judge at Large, of the Assistant Attorney General who shall also be the *Fiscal* of the Supreme Court, and of the Assistant Law Clerk of the Assistant Attorney General who shall also be Assistant *Fiscal* of the Supreme Court. We note that in previous budgets the salaries of the *Fiscal* and of the Assistant *Fis-*

*cal* of the Supreme Court were fixed, not as part of the Executive Branch of the Department of Justice, but as part of the Judicial Branch.

By changing not only the title of the office, but the mode of appointment and its tenure, and by conferring through coetaneous legislation, ample powers on the Attorney General to reorganize in other aspects the executive work of his Department, the Legislature disclosed its intention not only to abolish the office of *Fiscal,* such as it was, but also to create once more one of the offices of Assistant Attorney General such as it existed under § 66 of the Political Code, and that the incumbent should be a subordinate officer of the Attorney General.

As to the wisdom, convenience, or reasons which the Legislature may have had to act in such manner, it is not incumbent on the Judicial Branch of the Government to inquire into or discuss them, in view of our system of separation of powers. *Santaella* v. *Garrido,* 50 P.R.R. 141, *Yancey* v. *Hyde, supra.*

The office of *Fiscal* of the Supreme Court having been abolished, and that of Assistant Attorney General, who shall also be *Fiscal* of this court, having been created, thereby changing completely its tenure and the mode of appointment, and there being no inhibition in our Organic Act preventing the Legislature from taking such action, we are of the opinion that the respondent has no ministerial duty to appoint the petitioner to the new office which has been created.

For the aforesaid reasons, the petition for a writ of mandamus is denied.