McCALEB, Justice.
 

 This is a suit by a permanent teacher, as defined by the Teachers’ Tenure Act, R.S. 17:441-17:444, for reinstatement to his former position as Supervisor of Classroom Instruction in the Ascension Parish
 
 *83
 
 school system and for recovery of all hack pay allegedly due him. The action was filed on November 6, 1948, and this is the second time it has been before us. On the first occasion, plaintiff appealed from a judgment dismissing his suit on exceptions of no right or cause of action filed by the •School Board. This judgment was reversed and the case remanded for a trial on the merits, it being our opinion that, since plaintiff had alleged in his petition that he had been removed without a hearing founded on written charges of wilful neglect of duty, incompetency or dishonesty, as prescribed by R.S. 17:443, a cause of action had been stated, particularly in view of his charge that his removal had been accomplished through the subterfuge of a resolution abolishing his position. See Dugas v. Ascension Parish School Board, 221 La. 618; 60 So.2d 12.
 

 On the remand of the case, defendant answered the petition, admitting plaintiff’s 'employment and salary and also his discharge 'from the school system without the preferment of written charges. However, •defendant set forth that compliance with R.S. 17:443 was not essential forasmuch as plaintiff’s position had become obsolete and unneeded and that. it had abolished the office to .promote the best interests of the schools and to effect economy. It further rpleaded that plaintiff was ‘estopped to object to the legality of its action because he twas present at the meeting of August 17, 1948, at which the resolution was passed, participated in the proceedings and had accepted pay up to August 31, 1948.
 

 Following a trial on the merits, there was judgment for plaintiff, nullifying the Board’s resolution of August 17, 1948, and ordering that plaintiff be reinstated to his position with back salary from September 1, 1948. Wherefore this appeal.
 

 The record discloses that the plaintiff is the holder of a lifetime teacher’s certificate issued by the State Department of Education, which entitles him to any position in the Public School System of Louisiana other than Instructor in Music, Art and Home Economics. He holds degrees of Bachelor of Science and Master of Arts and has been a teacher in the State’s school system' for some 24 years. He was employed as Supervisor of Classroom instruction by the defendant school board continuously from July 1, 1937, until August 17, 1948, when his position was abolished by defendant. The official proceedings of the School Board meeting on the latter date exhibit that the then Superintendent of Schools in the Parish stated that certain complaints had been registered relative to widespread criticism of plaintiff for his acceptance of a position as Secretary of the State Senate during the 1948 Regular Session of the Legislature and further respecting his alleged neglect of his school work by serving as Contributing Editor to a weekly newspaper known as the “Donaldsonville Chief”. Following this statement, one of the board members asked the Superintendent whether
 
 *85
 
 a classroom supervisor was necessary for the schools, to which question he replied that there would be closer harmony between the other members of the staff, principally the teachers, if the position were abolished. Whereupon, Mr. Mire, the board member who had asked the question, moved that the position be abolished “for the best interest of the schools * * * and for the resulting economy”. This motion was seconded and, after some discussion of plaintiff’s personal conduct (or rather misconduct) while holding the office, viz., a recent fist-fight and use of profanity, it was carried by vote of six to three, one member being absent.
 

 It is defendant’s contention that, since the discontinuance of plaintiff’s position was prompted by interests of economy, it was not required to prefer written charges in order to remove him from the school system, as it is well recognized that civil service laws do not prevent the appointing authority from dismissing an employee when his office is abolished for good cause. See 67 C.J.S., Officers, § 10, pp. 121 and 122; 37 Am.Jur. 857-858; Annotation, 4 A.L.R. 207-210 and cases there cited.
 
 [1]
 

 The above stated rule, which has been applied generally to civil service laws, has also been employed by some courts in construing teachers’ tenure acts and it has been held that school authorities have the right to dismiss a teacher when, for some good reason not personal to the teacher, his services are no longer necessary or it is needful to dispense with them, notwithstanding a statutory or constitutional limitation upon the power to remove a permanent teacher. See 78 C.J.S., School and School Districts § 202 p. 1084; Funston v. District School Bd., 130 Or. 82, 278 P. 1075, 63 A.L.R. 1410 and Annotations 63 A.L.R. 1416-1423; 110 A.L.R. 800-804; 113 A.L.R. 1498-1501 and 127 A.L.R. 1319-1323; 47 Am.Jur. Verbo “Schools” Section 139, page 397.
 

 Nevertheless, the doctrine that a permanent teacher may be deprived of tenure by bona fide abolition of the position he hojds has not been recognized in Louisiana';' On the contrary, this court has but recently held to be illegal the dismissal of-a probationary teacher by abolition of his position (Supervisor of Classroom Instruction) with^ out compliance with R.S. 17:442, which provides that probationary teachers may not be dismissed except upon written recommendation of the Superintendent of Schools accompanied by valid reasons therefor. See State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d. 111.
 

 
 *87
 
 Our view of the Teachers’ Tenure Act, is that, whereas a school hoard has the unquestioned right to abolish in good faith a position occupied by a permanent teacher, it cannot thereby deprive the teacher of his previously acquired status and its accompanying emoluments. State ex rel. Bass v. Vernon Parish School Board, La. App., 194 So. 74; State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165 and Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217. An honest discontinuance of his office does not automatically remove a permanent teacher from the school system. He remains therein and should forthwith be placed in a position of standing equal to that formerly held, if it be possible. In any event, he is nonetheless entitled to the salary attributable to the status he has attained even though he be re-employed in a position of lesser rank. State ex rel. Parker v. Vernon Parish School Board, 225 La. 297, 72 So.2d 512.
 

 Thus, in the case at bar, since there has .been an outright removal of plaintiff from the school system in contravention of R.S. 17:443, he has the right to he restored to duty and to recover the salary lost by reason of defendant’s action. However, in order for plaintiff to be reinstated in his former position of Supervisor of Classroom Instruction, it is essential to determine the validity of defendant’s contention that the office was discontinued in good faith for purposes of economy because, if this argument is well founded, then plaintiff would be entitled only to restoration to duty in the school system at the same salary he was earning at the time of his removal.
 

 An examination of the evidence leaves no doubt in our minds as to the correctness of the ruling of the judge that the abolition of plaintiff’s position 'was not prompted by pure motives. Indeed, a casual inspection of the proceedings which led up to the abolition of the position on August 17th, 1948 makes it perfectly apparent that the action was predicated on the disapproval by a majority of the Board of plaintiff’s conduct and that it was because of this and, perhaps, other purely personal reasons that they were desirous of dispensing with his services and not in order to effect any economy or betterment of the schools,
 
 [2]
 
 as stated in the resolution.
 

 Defendant has evidently abandoned its plea of estoppel, for it is not referred
 
 *89
 
 to in the assignment of errors or argued in the brief. Besides, the plea is wholly without merit, being based on the untenable assumption that plaintiff is estopped from asserting his legal rights because of his presence at the meeting at which the purported abolition of his position was voted and by his acceptance of salary to the end of August, 1948.
 

 The judgment appealed from is affirmed.
 

 FOURNET, C. J., not participating.
 

 [1]
 

 . Counsel for defendant also rely on State ex rel. Ware v. Sewerage & Water Board, 160 La. 251, 106 So. 845 and State ex rel. Koehl v. Sewerage & Water Board, 179 La. 117, 153 So. 533. But those eases are not authority for the principle now advanced because' the Civil Service Law there involved, Act 111 of 1902, contained a provision that “ ‘Nothing herein shall be construed as preventing the board from dispensing with the services of unnecessary employees’ ” [160 La. 251, 106 So. 846]. If the Teachers’ Tenure Act, R.S. 17:441-17:444, contained such a provision, there would be no need for interpretation.
 

 [2]
 

 . The record shows, without contradiction, that the position of Supervisor of Classroom Instruction is not obsolete and antiquated, as contended by defendant, and that there are presently more than 100 of these Supervisors employed by the various school systems throughout the State. Also, it is clear that economy had nothing to do with the Board’s action. It appears that, since plaintiff’s position was supposedly abolished, the Board has nonetheless continued to report its existence in order that the Parish might obtain an allocation of $3,800 per annum from the State Equalization Fund for a Supervisor.