460 So.2d 651 (1984)
Gerald D. LONG
v.
LAFOURCHE PARISH SCHOOL BOARD.
No. 83 CA 1159.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*652 T. Michael Masterson, Thibodaux, for plaintiff-appellee.
Jerome J. Barbera, III, Thibodaux, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON,[*] JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal by the Lafourche Parish School Board from a judgment of the District Court ordering the School Board to pay the plaintiff, Gerald D. Long, the sum of $21,640.96, together with legal interest, which amount represented lost pay and lost contributions to the retirement fund. The judgment also ordered that the plaintiff be appointed to "the nearest available position of equal status and rank to that of a junior high school principal, together with all corresponding emoluments thereof." This is a suit brought under the provisions of LSA-R.S. 17:441 et seq., commonly known as the Louisiana Teachers' Tenure Act. Plaintiff, Gerald D. Long, brought this suit alleging that he is entitled to recover from defendant, Lafourche Parish School Board, those sums of money lost as a result of his unlawful demotion, together with attorney's fees and costs. Specifically, plaintiff claims that defendant unlawfully withheld salary and cost of living increases, as well as certain contributions to his retirement fund; and, that this action constituted a "bad faith demotion," which adversely affected past, present and future emoluments of his position. Plaintiff also sought judgment entitling him to the next available junior high school principalship or assistant principalship within the Lafourche Parish School System.
*653 In 1977 plaintiff was appointed to serve as principal of South Thibodaux Junior High for the 1977-78 school year. Plaintiff served in this position and capacity for two consequitive school terms. In April of 1979 plaintiff was re-appointed as principal of the same school for the 1979-80 school term.
Prior to the beginning of the 1979-80 school year, South Thibodaux Junior High School was consolidated with two other area schools and consequently, plaintiff's position as principal was abolished. As a result, plaintiff was appointed to an assistant principalship at another area junior high school for the 1979-80 school year. This appointment was pursuant to a letter addressed to all School Board Members from Jeffrey J. LeBlanc, Superintendent of Schools, dated May 2, 1979, in pertinent part as follows:
"As you are aware ... the transfer of the seventh-grade pupils of South Thibodaux Junior High School to the East Thibodaux and West Thibodaux Junior High Schools require that consideration be given to the assignment of the personnel presently employed at the schools whose operation will be discontinued with the 1979-80 school year.
It is my recommendation that all personnel be reassigned and that as a result of reassignment no one suffer a loss of pay. Accordingly, I recommend ... (7) That because of the increase in enrollment, and so that no present administrator be demoted below the rank of administrator, an additional assistant principalship be created for each of the junior high schools in Thibodaux until absorbed by attrition and that Mr. Gerald Long be assigned as assistant principal at West Thibodaux Junior High School...."
The recommendation was approved by the board at a special meeting held on May 17, 1979. At the beginning of the 1979-80 term, plaintiff was transferred to W.S. Lafargue Elementary school to serve in the position of assistant principal.
Despite the fact that plaintiff was serving in a lower administrative position during the 1979-80 term, he continued to receive the salary of a junior high school principal, but was not given cost-of-living increases as set forth in the board's salary index schedule. Further, during the 1980-81 and 1981-82 school terms, plaintiff's salary, retirement fund contributions and cost-of-living increases were reduced. The reductions in salary and benefits were a result of plaintiff being compensated as an elementary school assistant principal rather than as a junior high school principal. These latter reductions remained in effect for the 1982-83 school term. During all pertinent times plaintiff served without recommendation or notice of dismissal, discharge or unsatisfactory performance.
At the time of the trial, Mr. Long was serving as an assistant principal in an elementary school and not receiving benefits comparable to those of a principal in a junior high school.
In his suit, the plaintiff sought to recover the differences in salary and cost-of-living increases, lost contributions to his retirement fund, and other emoluments of the position of junior high school principal. Following trial, the court below granted the relief requested.
Applicable to the instant case are the provisions of LSA-R.S. 17:441, et seq.
Revised Statute 17:442 states, in part: Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence *654 of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case may be, in which he has successfully served his three year probationary term; ..."
Further, LSA-R.S. 17:444, through which the preceding statute becomes applicable in the instant case, provides:
"Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:442 and 17:443, in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the lower position from which he or she was promoted.

During the probationary period in the position to which promoted, a teacher shall not be disciplined, removed or demoted to the lower position from which he or she was promoted except in compliance with the provisions of R.S. 17:442. At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with R.S. 17:442, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed or demoted from such higher position except in compliance with the provisions of R.S. 17:443.
Where a teacher has not completed the probationary period for teachers as required by R.S. 17:442, or for a particular promotional position as established herein, and is promoted to a higher position, the probationary period, either as a teacher or in the previous promotional position, shall continue to run and at the end of such three year probationary period the teacher shall automatically acquire permanent status in the previously held position until permanent status in the new position is acquired by compliance with the provisions of the Section." (Emphasis added.)
In administering public schools, a parish school board is given broad powers and responsibilities. When acting in good faith, a board is empowered with the authority to consolidate and/or abolish positions. Further, the discontinuance of a position does not automatically remove or demote the teacher holding that position. Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817 (1955).
The jurisprudence construing the Teachers' Tenure Act consistently holds that the Act protects a teacher not only from dismissal without cause, but also from transfer to a lower position with a corresponding reduced rank or salary. See, e.g., Pardue v. Livingston Parish School Board, 251 So.2d 833 (La.App. 1st Cir.1971). Nevertheless, a school board has the authority to transfer a teacher from one position to another. In the event of transfer, the teacher must be reassigned to the nearest position of his prior or comparable status without any reduction in salary or corresponding benefits. Dantone v. Tangipahoa Parish School Board, 279 So.2d 779 (La.App. 1st Cir.1973), writ denied 281 So.2d 754 (La.1973).
In the present case, it is apparent that the closing of the junior high school at which plaintiff had been a probationary principal for two prior terms caused the abolition of his position. Plaintiff's subsequent appointment to the position of assistant principal at an elementary school appears proper in view of the fact that no credible evidence was presented showing that an administrative position of equal rank was available for which plaintiff was qualified. A review of the letter which appellant contends constitutes written recommendations, with valid reasons, reveals that the superintendent never recommended that Mr. Long be demoted or have his salary reduced. In fact, the letter recommends that "no one suffer a loss of pay." The school board accepted this recommendation. Thus Mr. Long was to receive *655 the same salary as he had been receiving as principal.
La.R.S. 17:444 provides that when a teacher has been in a position of "higher salary" for three years, the teacher shall acquire permanent status therein. Mr. Long had already served two years at the salary level of principal prior to the reassignment to the position of assistant principal; however, with the reassignment he continued at the same salary level, thus completing three years at the higher salary level and acquiring permanent status.
The next matter for consideration concerns the amount of unlawfully withheld salary and corresponding benefits that plaintiff is entitled to recover. Based on the salary schedule (and corresponding cost-of-living increases) and the retirement fund indexes of the school board, we find that the trial court properly held that the plaintiff is entitled to recover the amount of $21,640.96. This amount represents $19,854.10 in lost pay and $1,786.86 in lost contributions to the retirement fund.
These sums are based on the salary index of the school board and were calculated as follows:
1) The gross salary actually received by plaintiff for the school terms of:

1979-80 $20,452.03
1980-81 22,718.32
1981-82 28,002.04
1982-83 28,426.00
 __________
TOTAL $99,598.39

2) The gross salary plaintiff would have received as a junior high school principal:

1979-80 $23,776.90
1980-81 27,698.29
1981-82 33,742.00
1982-83 34,275.30
 ___________
TOTAL $119,452.49

3) The difference between the total salaries equals$419,854.10.
4) Lost retirement benefits based on 9% employer contribution equals$19,854.10 × 0.09=$1,786.86.
For the reasons assigned, the judgment of the trial court is affirmed. Costs in the amount of $400.00 are taxed against the School Board.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.