GAIDRY, J.,
dissenting.
BESE maintains that La. R.S. 17:81.4 does not conflict with the provisions of the statute governing tenure for special school teachers, La. R.S. 17:45, but rather that it controls the specific situation presented, as a special and later-enacted statute. I disagree with BESE’s interpretation of the statutes at issue. Under the particular facts of this case, the statutes must be reconciled by giving controlling weight to and liberally construing the beneficial provisions of La. R.S. 17:45. The change in Mrs. Hays’s employment position should not have resulted in a reduction in her salary as a tenured special school teacher, despite the fact that she was no longer a principal. The majority is in error. I must respectfully dissent.

Principles of Statutory Interpretation

Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the *825 intent of the statute. State v. Campbell, 03-3035, p. 7 (La.7/6/04), 877 So.2d 112, 117. It is presumed that the legislature enacts each ^statute with deliberation and with full knowledge of all existing laws on the same subject. Id., 03-3035 at p. 8, 877 So.2d at 117. It is further presumed that the legislature intends to achieve a consistent body of law. Id.
It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, the statute specifically directed to the matter at issue must prevail as an exception to the more general statute. Fontenot v. Reddell Vidrine Water Dist., 02-0439, 02-0442, 02-0478, p. 20 (La.1/14/03), 836 So.2d 14, 28. The parties here, however, are in disagreement as to which of the purported conflicting statutes is the general, and which is the specific.
The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. Pumphrey v. City of New Orleans, 05-979, p. 11 (La.4/4/06), 925 So.2d 1202, 1210.[1] Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Id. It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given each such provision, and that no unnecessary words or provisions were used. Lasyone v. Phares, 01-1785, p. 4 (La.App. 1st Cir.5/22/02), 818 So.2d 1068, 1071, writ denied, 02-1711 (La.10/14/02), 827 So.2d 423.

Promotions Under the Teacher Tenure Law

The purpose of the Teacher Tenure Law is to ensure teachers with security in the position, grade, or status they have attained, and not merely to ensure them with teaching employment. Rousselle v. Plaquemines Parish Sch. Bd., 93-1916 (La.2/28/94), 633 So.2d 1235, 1242. The provisions of the Teacher Tenure Law must be liberally construed in favor of teachers, since teachers are its intended beneficiaries. Palmer v. La. State Bd. of Elementary & Secondary Educ., 02-2043, p. 8 (La.4/9/03), 842 So.2d 363, 369.
Louisiana Revised Statutes 17:444 addresses the rights of tenured teachers relative to promotion and demotion in the regular public school system. As provided in the statute, a teacher is “promoted” by being moved “from a position of lower salary to one of higher salary,” or by being moved to “a higher position.” Courts have generally held that the terms “higher salary” and “higher position” are synonymous for purposes of determining if a change in employment constitutes a promotion. See Smith v. Ouachita Parish Sch. Bd, 29,873, pp. 5-6 (La.App. 2nd Cir.9/24/97), 702 So.2d 727, 731, writ denied 97-2721 (La.1/16/98), 706 So.2d 978, and Pasqua v. Lafourche Parish Sch. Bd., 408 So.2d 438, 441 (La.App. 1st Cir.1981). A demotion would of course involve an opposite change in employment to one of lower salary or position. Louisiana courts have therefore consistently defined demotion for purposes of La. R.S. 17:444 as a change from a position of higher salary to a position of lower salary. See Mouras v. Jefferson Parish Sch. Bd., 300 So.2d 540, 541-42 *826 (La.App. 4th Cir.), writ denied, 302 So.2d 619 (La.1974).
In Dugas v. Ascension Parish Sch. Bd., 228 La. 80, 86, 81 So.2d 817, 819 (La.1955), the supreme court observed that “the doctrine that a permanent teacher may be deprived of tenure by bona fide abolition of the position he holds has not been recognized in Louisiana.” Interpreting the Teacher Tenure Law as then worded, the court explained:
|4[W]hereas a school board has the unquestioned right to abolish in good faith a position occupied by a permanent teacher, it cannot thereby deprive the teacher of his previously acquired status and its accompanying emoluments. [Citations omitted.] An honest discontinuance of his office does not automatically remove a permanent teacher from the school system. He remains therein and should forthwith be placed in a position of standing equal to that formerly held, if it be possible. In any event, he is nonetheless entitled to the salary attributable to the status he has attained even though he be reemployed in a position of lesser rank. [Citation omitted.]
Id., 228 La. at 87, 81 So.2d at 819. (Emphasis added.) See also Long v. Lafourche Parish Sch. Bd., 460 So.2d 651, 654 (La. App. 1st Cir.1984).
By Acts 1985, No. 988, § 1, the legislature amended La. R.S. 17:444 to eliminate the acquisition of tenure for promotions occurring after August 1, 1985, making such positions subject to contract. La. R.S. 17:444(B)(5); Rousselle, 93-1916, 633 So.2d at 1242. If the promoted teacher’s contract in the higher position is not renewed, the teacher is entitled to return to his former teaching position or a position paying the same salary as the former position. Id., 93-1916, 633 So.2d at 1243. However, those teachers promoted prior to July 1,1985 retain their rights to tenure in the promoted positions.
As the supreme court noted in Rous-selle, the 1985 amendment enacting La. R.S. 17:444(B) was “an attempt to solve the recurring problem of the elimination or discontinuation of promotional positions [and] of the consolidation or demolitions of schools for economic reasons.” Id., 93-1916, 633 So.2d at 1242. I emphasize that such economic reasons are for the most part the same reasons that may necessitate a RIF. Additionally, the statute currently recognizes that a teacher promoted after August 1, 1985 may not be offered renewal of his contract in the promoted position if “the position has been discontinued, or ... eliminated as a result of district reorganization.” La. R.S. 17:444(B)(4)(c)(iv). Significantly, however, La. R.S. 17:45, applicable to teachers in the special schools, does not contain similar language.

Teacher Tenure in the Special Schools

Louisiana Revised Statutes 17:45 was originally enacted in 1979 for the purpose of providing tenure to teachers within the special school system, with the same rights and privileges afforded regular public school teachers under La. R.S. 17:442, et seq. La. R.S. 17:43; Palmer, 02-2043, pp. 8-9, 842 So.2d at 369. As subsequently amended, La. R.S. 17:45 provides, in pertinent part:
A. ... A teacher [in a special school] shall be entitled to tenure benefits as follows:
(l)(a) Each teacher shall serve a probationary term of three contract years
[[Image here]]
(b) ... [I]n the absence of [notification of discharge or dismissal], such probationary teacher shall automatically become a regular and permanent teacher in the employ of the special school *827 where he has successfully served his three year probationary term....
(2)(a) A permanent teacher in a special school shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency, or dishonesty, and then only if found guilty after a hearing by the board or by a committee of the board ...
[[Image here]]
(3)(a) Whenever a teacher who has acquired permanent status, as set forth in this Section, in a special school is promoted from a position of lower salary or status in such special school to a position of higher status or salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the position of lower status or salary from which he or she was promoted.
(b) During the probationary period in the position to which promoted, a teacher shall not be disciplined, removed, or demoted to the lower position from which he was promoted except in compliance with the provisions of Subsection A(l) of | fithis Section. At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with Subsection A(l) of this Section, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed, or demoted from such higher position [except] in compliance with the provisions of Subsection A(2) of this Section.
[[Image here]]
(4) The provisions of Paragraph (3) of this Subsection shall apply only to those whose promotion to a position of higher salary or status, as provided in Paragraph (3), occurred prior to July 1, 2003.
B. (1) Whenever a teacher who has acquired permanent status in a special school, as provided in this Section, is promoted from a position of lower salary or status to one of higher salary or status, such teacher shall not gain permanent status in the position to which he is promoted but shall retain permanent status acquired as a teacher.
[[Image here]]
C. Nothing contained in the Louisiana Revised Statutes of 1950 shall be construed as conferring upon the board the authority to make rules and regulations which may impair or nullify the provisions of this Subpart and Section.
(Emphasis added.)
The language of this statute parallels that of La. R.S. 17:442-44, applicable to regular public school teachers. However, when La. R.S. 17:444 was amended in 1985 to eliminate future acquisition of tenure in positions higher than that of teachers, such as principal positions, no corresponding change was made to La. R.S. 17:45. Such a change was not made until July 1, 2003, when Acts 2003, No. 92, § 1 enacted the present language of La. R.S. 17:45(A)(3) and (B), and the elimination of tenure for promoted positions was prospective only, for promotions occurring on or after the amendment’s effective date. Mrs. Hays was promoted to the 17position of principal of NDC in July 1992. Thus, La. R.S. 17:45(A)(3), rather than La. R.S. 17:45(B)(1), is applicable to the issue of her right to tenure in that position.
A “promotion” for purposes of La. R.S. 17:45(A)(3)(a) and (B)(1) by definition entails a change in employment “from a position of lower salary or status to one of higher salary or status.” [Emphasis added.] While the quoted language differs *828 slightly from that of La. R.S. 17:444 addressing promotion, the legal definitions of “promotion” and “demotion” for purposes of La. R.S. 17:45 are essentially the same as those for purposes of La. R.S. 17:443 and 444. This court has previously held that a reduction in salary constitutes a demotion within the meaning of La. R.S. 17:45(A)(3). See Pizzolato v. State ex rel. Bd. of Elementary & Secondary Educ., 452 So.2d 264, 267 (LaApp. 1st Cir.1984), and Sims v. State Bd. of Elementary & Secondary Educ., 00-0056, p. 9 (La.App. 1st Cir.2/16/01)(unpublished opinion).

The Reduction in Force (RIF) Statute

Louisiana Revised Statutes 17:81.4, specifically requiring published rules relating to “reductions in force,” was first enacted in 1983, after the enactment of La. R.S. 17:45. Subsection (D) requires that “[t]enure of employees” be included among the “minimum standards” established by city and parish school boards and by “special schools” (including the SSD, through BESE), but does not specify the content of such standards. While it is obvious that tenure is a qualification entitling an employee to preferential treatment in the event a RIF is instituted, the statute is silent regarding the effect of a RIF on tenure in a promoted position. While the statute recognizes the authority and discretion of a school boards in implementing a RIF, the statutory reference to tenure necessarily incorporates by reference |sthe protective parameters and restraints of the Teacher Tenure Law. Thus, in the case of the SSD, any RIF policy must implicitly comport with the provisions of La. R.S. 17:45.
There is limited jurisprudence interpreting La. R.S. 17:81.4. BESE relies upon the case of Burns v. Monroe City Sch. Bd., 577 So.2d 1205, 1208-09 (La.App. 2nd Cir.), units denied, 581 So.2d 683, 686 (La.1991), in support of its position that the RIF statute is controlling here, and effectively preempts the tenure provisions of La. R.S. 17:45(A)(3). I disagree, and find Bums clearly distinguishable. In the first place, Bums did not involve a promoted teacher in a special school, nor did it address the express provisions of La. R.S. 17:45(A)(3). Secondly, it involved an improper demotion of a supervisor made under the guise of contract nonrenewal, contrary to a RIF policy that actually controlled the situation and dictated the supervisor’s retention over that of an uncertified supervisor. Additionally, the promoted position was a contract position under La. R.S. 17:444(B), not a tenured position, as the supervisor was promoted after August 1, 1985. Bums simply does not stand for the broad assertion put forth by BESE.
BESE contends that Section 111 of the manual’s RIF policy, adopted pursuant to La. R.S. 17:81.4, is dispositive of the factual situation presented here.[2] Where the legislature has delegated to an administrative agency certain administrative or ministerial authority, the regulations promulgated by the agency may not exceed the authorization delegated by the legislature. State v. Domangue, 93-1953, p. 5 (La.App. 1st Cir.12/22/94), 649 So.2d 1034, 1038. See also La. R.S. 17:45(C). Section 111 cannot supersede the provisions of positive law set forth in La. R.S. 17:45.
BESE essentially contends that Mrs. Hays was not actually demoted, because *829 the change in her employment position was made pursuant to the SSD RIF plan, and not for any of the three reasons for disciplinary demotion set forth in La. R.S. 17:45(A)(2). In that regard, it cites Nicholson v. St. John the Baptist Parish Sch. Bd., 97-846, pp. 3-4 (La.App. 5th Cir.1/14/98), 707 So.2d 94, 95, for the proposition that a tenure hearing under La. R.S. 17:443 or the corresponding language of La. R.S. 17:45(A)(2) is only required in cases of disciplinary dismissal or demotion. I disagree. While I agree that the hearing contemplated under La. R.S. 17:45(A)(2) is intended to provide due process in cases of disciplinary dismissal or demotion, this begs the question as to the threshold issue of BESE’s lack of authority under La. R.S. 17:45(A)(3) to demote Mrs. Hays to a position of lower salary. Nothing in the language of La. R.S. 17:81.4 suggests that the accepted definition of demotion for purposes of tenure under either La. R.S. 17:444 or La. R.S. 17:45 was implicitly modified or repealed, so as to exclude from that definition a change to a lower position due to a RIF plan or policy. As a matter of law, the change in Mrs. Hays’s position to one of lower salary constituted a demotion. Further, the 1985 amendment to La. R.S. 17:444 and the 2003 amendment to La. R.S. 17:45, both enacted subsequent to La. R.S. 17:81.4, suggest that the legislature intended to shield those tenured teachers promoted prior to the amendments’ effective dates from that effect of a RIF plan or policy.
Louisiana Revised Statutes 17:45(A)(3) constitutes a special law applicable to tenured special school teachers promoted pri- or to July 1, 2003 to higher positions. Further, as that particular provision was enacted | ^subsequent to the original enactment and the subsequent amendments of La. R.S. 17:81.4, it must be presumed that the legislature’s failure to include language authorizing a reduction in pay for such tenured special school principals and other supervisory employees in the event of a RIF was intentional. The express language of La. R.S. 17:45(A)(3) limits the causes for demotion of such employees to those enumerated in Subsection (A)(2), and Subsection (C) expressly precludes the adoption of any rule or regulation by BESE that might impair or nullify the statute’s provisions. Interpreting the statute’s provisions liberally in favor of teachers’ tenure rights, as we are required to do, the inescapable conclusion is that BESE has no authority to adopt any rule or regulation in contravention of La. R.S. 17:45(A)(3) and that Section 111 of BESE’s RIF policy is inapplicable to special school teachers promoted prior to July 1, 2003.[3] Thus, as Mrs. Hays’s demotion did not comply with La. R.S. 17:45(A)(3)’s explicit terms and deprived her of a vested property right in contravention of law, it had no legal effect. See Palone v. Jefferson Parish Sch. Bd., 306 So.2d 679, 682 (La.1975). The trial court’s judgment was incorrect under the facts and applicable statutory language.
It is quite true, as the majority notes, that the Teacher Tenure Law was not intended to guarantee job security where there are no jobs. But such was not the situation in Mrs. Hays’s case; she was offered and accepted an available job in the SSD. Because she was promoted prior to July 1, 2003, she was clearly entitled to the benefit of the protection against reduc *830 tion in her salary provided by the unambiguous language of La. R.S. 17:45(A)(3). The judgment of the trial court should be reversed, and summary judgment should be rendered in favor of the plaintiff-appellant, Ray Hays, and against the defendant-appellee, the Louisiana State Board of Elementary and Secondary Education, declaring that Susan Ann Smith Hays was improperly demoted, and awarding the plaintiff-appellant the accrued difference between Susan Ann Smith Hays’s prior salary of $73,926.96 and her salary of $64,383.09 as of July 1, 2004 and thereafter, and all emoluments relating thereto.
For the foregoing reasons, I dissent.

. Laws on the same subject matter must be interpreted in reference to each other. La. C.C.art. 13.

. Section 111 provides:
An employee reassigned to a different job title shall be placed on the appropriate salary schedule at the step for which the employee is qualified. An employee accepting assignment to a lesser position will be placed within the salary schedule for the lesser position, at the level appropriate to the employee's years of experience and education.

. In reaching this conclusion, I agree that the record supports the conclusion that the RIF plan at issue was undertaken in good faith and for valid reasons. Nevertheless, because the language of La. R.S. 17:45 is clear and unambiguous and directly addresses the situation at issue, its plain language cannot properly be disregarded under the pretext of following its spirit or the perceived spirit of La. R.S. 17:81.4.