SAVOY, Judge.
This suit was instituted by plaintiff, a teacher in the public school system of Lafayette Parish, against the Lafayette Parish School Board.
For a cause of action plaintiff alleged that he was the holder of a valid teacher’s certificate for the State of Louisiana, that he had been employed in the school system of the Parish of Lafayette for the past 28 years, and that on August 15, 1957, and for a period of more than three years prior thereto, plaintiff was employed by the defendant school board as a classroom teacher of agriculture at the N. P. Moss School and Lafayette Junior High School in the Parish of Lafayette. Plaintiff alleged that he was a regular and permanent teacher within the provisions of LSA-R.S. 17:442, dealing with the time required for a teacher to come under the tenure act of the State of Louisiana.
Plaintiff alleged further that he received a salary of $633 per month, twelve months a year, and on August 7, 1957, defendant at its regular monthly meeting adopted a resolution purporting to abolish the teaching of agriculture at the two'schools mentioned herein and transferring plaintiff from his employment as agriculture teacher to employment in the Adult Training Program in the Parish of Lafayette, Louisiana; that under the employment with the Adult Training Program, plaintiff received a stated amount each month, which is alleged in his petition.
Plaintiff alleged further that his employment, with the Adult Training Program did not provide him with the benefits of sick leave and other benefits accruing to employees of the Lafayette Parish School Board and that his employment with the Adult Training Program of the Parish of Lafayette is not of equal standard to that of the employment previously held by him as an agriculture teacher in the parish school system. He further alleged that the action of the school board in attempting to release him, from his employment as agriculture teacher was illegal and contrary to the law since no written charges were filed against him, as required by law.
Plaintiff further alleged that he was entitled to re-instatement in the Lafayette Parish School System in a position equal to that formerly held by him and at the salary previously received, and that he was entitled to receive the back salary due him from the time of his illegal discharge.
To the suit defendant board filed an exception of no right of action and no cause of action, which was overruled, and the board then filed a general denial.
A joint stipulation was entered between the parties at the trial, which stipulation is copied herein in its entirety, and reads as follows:
“It is stipulated and agreed by the attorneys for the plaintiff and the defendant in the above captioned cause, that if the witnesses were sworn and testified and the available documentary proof introduced, that the following facts would thereby be established, and the parties hereto agree and stipulate that the facts of this case, in addition to any facts that may be adduced on the trial of this matter on the merits, are as follows, to-wit:
“(1) That plaintiff has been employed by the defendant School Board off and on since about May 1, 1930; that plaintiff Hebert has been in the employ of defendant School Board regularly since shortly after World War II, having been employed in the on the farm training program from March 20, *785 1946, to August 31, 1954; that thereafter, plaintiff was employed by defendant as a vocational agriculture teacher at the N. P. Moss and Lafayette Jr. High Schools from Sept. 1, 1954, to August 7, 1957, when the teaching of vocational agriculture was discontinued in said schools by a resolution to that effect adopted by the defendant School Board at its regular monthly meeting held on August 7, 1957, and that said resolution further provided that the plaintiff Hebert, ‘Agriculture teacher, be transferred to the Adult Training program, under Mr. Gladu Dupuis’; that the defendant School Board notified the plaintiff Hebert by letter dated August 15, 1957, that the teaching of vocational agriculture had been discontinued and that he had been ‘transferred to full time employment in the Adult Training Program’, as per resolution of the School Board ‘abolishing the teaching of Agriculture at the N. P. Moss and Lafayette Jr. High Schools due to the lack of enrollment, etc.’, which letter was duly received by plaintiff Hebert; and that plaintiff Hebert continued in the employment of defendant School Board thereafter as a teacher in the Adult Training Program until Dec. 3, 1958, when plaintiff Hebert was ‘removed from office’ or discharged by defendant School Board by resolution adopted at its regular monthly meeting held on Dec. 3, 1958, after plaintiff Hebert had been charged in writing of incompetency and after having been found guilty of said charges after a hearing by the defendant School Board, which charges, hearing and removal from office was made and done under the provisions of R.S. 17:443; and that if judgment is rendered herein in favor of plaintiff Hebert that said judgment should be limited to the period of from about August 7, 1957, the date of the resolution transferring him from teacher of vocational agriculture to teacher in the Adult Training Program, to the date of Dec. 3, 1958, when he was discharged as aforesaid by defendant School Board, for the reason that plaintiff Hebert has filed a second suit against the defendant School Board, being Suit No. 23,846 of the docket of this Honorable Court, wherein he seeks an appeal from the Dec. 3, 1958, action of the School Board in removing him from office and prays that said action be annulled and reversed and that he be reinstated as a permanent teacher from the date of Dec. 3, 1958;
“(2) That plaintiff Hebert was a regular and permanent teacher in the employ of the defendant School Board at the time that this suit was filed on May 13, 1958; and
“(3) That plaintiff Hebert has more than twelve (12) years teaching experience and that he has a B. A. or Bachelors Degree.
“(4) That defendant School Board executed its checks payable to the order of the plaintiff Hebert, one dated 12/5/58 in the amount of $18.34, covering salary due from 12/1/58 to 12/3/58 less adjustments, and one dated 12/9/58 in the amount of $2,613.08, covering additional salary due from 9/1/57 through 12/3/58, and that these checks were tendered to plaintiff and his attorney by mailing them to his attorney on Jan. 20, 1959, which were refused and returned to defendant’s attorney on Mar. 10, 1959.”
The stipulation provided that if judgment were rendered in favor of plaintiff, that same should be limited from the period beginning August 7, 1957, to December 3, 1958, for the reason that plaintiff filed another suit against the school board wherein he seeks to set aside his dismissal by the defendant board on December 3, 1958.
The trial judge rendered judgment in favor of plaintiff as prayed for. From this judgment the defendant school board has appealed.
*786 In his reasons for judgment, the trial judge found that the salary of plaintiff as an agriculture teacher from August 7, 1957, to December 3, 1958, a period of sixteen months and three days, would amount to the gross sum of $8,257.76, and that while he was employed under the Adult Training Program, he received from defendant the sum of $3,568.50. By subtracting the smaller sum from the larger, plaintiff would be entitled to a judgment of $4,-689.26. Pie found also that the school board had made an over-payment in July, 1957, of $111.10 to plaintiff, that the teachers’ retirement deduction on the total sum of $8,257.76 would amount to $274.68, that the withholding tax would amount to $824.-07, leaving a net balance due plaintiff of $3,479.41. The school board had tendered the sum of $2,613.08 during the trial, so the court subtracted this amount from the sum of $3,479.41, which plaintiff would have been entitled to as an agriculture teacher after all the deductions mentioned above, and rendered judgment for $866.33.
The sole question for determination is whether plaintiff should receive the sum of $4,800 per year or should he receive an amount based on an annual salary of $6,-133.33 for the period commencing August 7, 1957, and ending December 3, 1958.
Plaintiff contended that he should recover based on an annual salary of $6,133.33, which is determined by adding his base pay of $4,800 paid by the school board, plus $1,333.33 which plaintiff received from the board for teaching in the summer.
Defendant on the other hand contended that plaintiff should receive only $4,800 per year for the reason that this was his base pay and that the summer employment was not permanent and could have been discontinued by the board at any time it saw fit.
Defendant might be correct 'in its contention had it notified plaintiff prior to the abolishing of plaintiff’s position' as an agriculture vocational teacher that it would no longer require his services during the summer, however, this was not done, and the position formerly held by plaintiff was abolished without this prior notification.
The testimony reveals that at the time of the trial all agriculture teachers in the Parish of Lafayette and in the State of Louisiana were employed on a twelve months per year basis. On cross-examination, Mr. J. S. Bonnet, Assistant Superintendent of Schools in Lafayette Parish in charge of business affairs, testified that since he had held his present position, he knew of no agricultural program in any of the schools in the Parish of Lafayette which was less than twelve months.
The record reflects that this was a permanent emolument of the plaintiff’s teaching position in that teaching classification. As such, he is entitled to be paid this sum upon his transfer to another lesser paid classification following abolition of his pri- or permanent position. Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817.
We find plaintiff is entitled to the difference which he should have made for the period beginning August 7, 1957, to December 3, 1958, less the amount paid to him by the school board in his position in the Adult Training Program, less the overpayment made by the school board on the July, 1957, check, and less the teachers’ retirement deduction and withholding tax, or the total sum of $3,479.41. Plaintiff is entitled to the amount deposited in the Registry of the Court, if he has not already withdrawn same, thereby leaving the school board owing to him the amount found by the trial judge of $866.33.
For the reasons assigned, the judgment of the district court is affirmed. Defendant school board is to pay all costs taxable against it by law.
Affirmed.