TATE, Judge.
The plaintiff in this suit, J. Rex Hebert, seeks a judgment annulling and reversing the action of defendant, Lafayette Parish School Board, in discharging him as a permanent teacher. After trial of the case, judgment was rendered by the trial court in favor of plaintiff annulling and reversing the action of the School Board in that respect, and ordering that plaintiff be reinstated at a salary of $511.10 per month. The defendant School Board has appealed from the judgment.
At the time of his discharge, the plaintiff had been employed for over a year as a teacher in the adult training program. It is not contended that his performance of his duties in that capacity was unsatisfactory. The school board sought to discharge him for the allegedly incompetent performance of his duties during his earlier assignment as a teacher of vocational agriculture in junior high schools.
The principal question of this appeal concerns whether a teacher satisfactorily performing his present duties can be discharged because of his alleged incompetence several year earlier while assigned to another teaching capacity.
Plaintiff has been employed by the Lafayette Parish School Board on and off since about May 1, 1930. He was employed in a farm training program in that parish from March 20, 1946, until August 31, 1954. From the last mentioned date until August 7, 1957, he was employed as a teacher of vocational agriculture at the N. P. Moss Junior High School and at the Lafayette Junior High School.
*849 Because of dwindling enrollment in the agriculture classes taught by plaintiff in the urban junior high schools, the School Board, on August 7,19S7 abolished the position of teacher of vocational agriculture at these two schools. Plaintiff was promptly notified of this action and of his transfer to full time employment in the Adult Training Program at a reduced salary. (The school board superintendent explained that the plaintiff was transferred to the Adult Training Program because, at the time, there was no remaining position open as teacher of agriculture.)
When plaintiff was transferred to the Adult Training Program on August 7, 1957, his salary was reduced to about $245.-00 per month, being the salary provided for teachers in that program. On May 13, 1958, therefore, he instituted suit against the School Board seeking to be reinstated at his former position and salary and to recover back wages. That suit was still pending at the time plaintiff was dismissed on December 3, 1958. The suit was tried and disposed of sometime after plaintiff had been dismissed, but by agreement the only question presented related to the salary which he should receive between August 7, 1957, and December 3, 1958. None of the issues presented in the instant case were considered in that suit. See State ex rel. Hebert v. Lafayette Parish School Board, La.App. 3 Cir., 128 So.2d 783.[1]
*850 After the plaintiff filed that suit to recover the full salary to which he was lawfully entitled, he was notified on October 8, 1958, that dismissal proceedings were being instituted with the Board, the formal charge being “incompetency” to teach. The specific reasons given for this charge were: (a) inability to control and discipline his classes; and (b) poor teaching procedure.
The Board held a formal hearing on these charges on December 3, 1958. Plaintiff was present at the hearing, represented by counsel. The only evidence introduced at the hearing concerned the plaintiff’s alleged incompetence in the performance of his duties during his earlier assignment as a teacher in the city junior high schools.
The plaintiff was present at the hearing, represented by counsel. Based upon his counsel’s position that this evidence was irrelevant and that the school board had produced no evidence proving any ground for the plaintiff’s removal from the teaching position in which he had been engaged for over a year before the charges of incompetency were filed, the plaintiff introduced no evidence on his behalf, nor did he testify.
Following conclusion of the hearing on December 3, 1958, the plaintiff was dismissed on the ground of incompetency by a majority vote of the school board. He timely filed the present suit for judicial review of this action. By stipulation of counsel, the case was tried on the basis of the record made up before the school board. As previously stated, this appeal is by the school board from trial court judgment ordering the reinstatement of the plaintiff.
The removal of the plaintiff teacher is sought, and the present suit by the plaintiff seeking judicial review of the hoard’s removal action is also brought, under LSA-R.S. 17:443, which provides: “A permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency or dishonesty, * * * and then only if found guilty after a hearing by the school board * * *. If a permanent teacher is found guilty by a school board, * * * the teacher may * * * petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. * * * ”
Our Supreme Court has recently reiterated: “The Teachers’ Tenure Act (LSA-R.S. 17:441-444) * * * has for its object the protection of worthy teachers. It has been repeatedly held by the courts of this State that this act should be liberally construed in favor of the class of persons designed to be its primary beneficiaries.” Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462.
The Lewing case concerned a suit by a teacher who had been discharged by the school board upon being found guilty by it of a wilful neglect of duty. The Supreme Court ordered reinstatement of the teacher, holding also that she had a right to attack the illegality of the discharge without introducing any additional testimony, based solely upon her contention that the record as made up at the hearing before the school board contained a complete insufficiency of evidence to justify her removal on any of the charged statutory grounds.
*851 In the light of these principles, we think that the trial court correctly held that the school board did not produce any relevant evidence to prove that the plaintiff was incompetent to perform the duties at which he had been employed for over a year before the charges of incompetency were filed and that therefore the plaintiff’s discharge was illegal. The trial court correctly disregarded as irrelevant the evidence offered by the school board as to the plaintiff’s alleged incompetency in another teaching capacity more than a year earlier, which alleged deficiencies had not been called to his attention at the time.
We therefore adopt the trial court’s reasons for judgment as our own:
“The record shows that the hearing for the removal of Mr. Hebert was instituted more than one year after he was moved from a position as High School Vocational Agricultural Teacher to a position as a Teacher in Adult Education. There is not one scintilla of evidence to show that Mr. Hebert was performing his work as an Adult Teacher in an unsatisfactory manner. On the contrary, there is evidence to show that he was. At the time Mr. Hebert was moved to Adult Education it must be assumed that had he not merited an opportunity to teach in that capacity charges would have then and there been brought looking toward his removal from the school system. A teacher might be very proficient and satisfactory in teaching in elementary school, but not in high school, or in one subject, while not in another.
“No authority has been submitted for consideration, nor has the Court found any deemed to be applicable for the construction of the Teacher’s Tenure Act (LSA-R.S. 17:441-444), in the light of the facts found from the record herein. The Court is of the opinion that at the time of the charges and hearing Mr. Hebert was, as mentioned by LSA-R.S. 17:443, a ‘permanent teacher’, which in his case was a permanent teacher in Adult Education. Accordingly, in order to remove him from that position, which he had occupied for more than one year, without complaint, the charges provided by the mentioned statute should have been made and proved in connection with his work as a teacher in Adult Education.
“In view of the above, plaintiff is entitled to the relief prayed for.”
For the foregoing reasons, therefore, the trial court judgment is affirmed.
Affirmed.

. The decision in this earlier suit held that the plaintiff was entitled to his pay at the higher rate paid to classroom teachers rather than at the lower rate paid to those employed in the Adult Training Program. La.App., 128 So.2d 783. The holding in the trial court, affirmed by us insofar as questioned on appeal, is not before us on this second appeal.
However, because of some of the views expressed in the dissenting opinion, it may be advisable to note the basis for this earlier ruling, as well as to note expressly what we do not decide in the present appeal.
The plaintiff was transferred or demoted, without a hearing, from the higher-paid position of classroom teacher to the lower-paid position in the Adult Training Program. The ground upon which this demotion was based was that his former position was abolished as no longer necessary. Nevertheless, as we held earlier, this demotion or transfer to a lower paid position could not be made without a hearing and without statutory ground, and the plaintiff teacher was therefore entitled to receive the full salary and emoluments attributable to his previously acquired status, in view of the flat holding of our Supreme Court in Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817, 819:
“Our view of the Teachers’ Tenure Act, is that, whereas a school board has the unquestioned right to abolish in good faith a position occupied by a permanent teacher, it cannot thereby deprive the teacher of Ms previously acquired status and its accompanying emoluments. [Citations omitted]. An honest discontinuance of his office does not automatically remove a permanent teacher from the school system. He remains therein and should forthwith be placed in a position of standing equal to that formerly held, if it be possible. In any event, he is nonetheless entitled to the salary attributable to the status he has attained even though he be re-employed in a position of lesser rank. [Citations omitted.]”
Upon finding that it was legally liable to pay the plaintiff his full salary to which he was entitled by reason of his employment as a classroom teacher, the defendant school board then by the present removal proceedings belatedly attempted to fire Mm from his position in the Adult Training Program to which he had been transferred over a year earlier, on the ground that he had incompetently performed his duties as a classroom, teacher, even though such alleged incompetence had not be called to his attention when he was actually employed in such capacity.
The majority herein does not question at all the right of the School Board to demote the plaintiff, upon proof of statutory grounds of incompetence in the former position, from the higher-paid to the lower-paid capacity, providing this had been done after affording the plaintiff a full hearing at which his incompetency was proved. See, e. g., State ex rel. Rathe v. Jefferson Parish School Board, 206 Da. 317, 19 So.2d 153; State ex rel. Bass v. Vernon Parish School Board, La.App. 1 Cir., 194 So. 74, certiorari denied. But this issue is not before us on this appeal.
*850 Likewise, no defense that the plaintiff is entitled to receive compensation only at the rate of pay in the lower-paid position, was filed by the board in the earlier proceeding (or, for that matter in the present, if indeed the issue of the earlier transfer could still be before us in the present suit), based upon the plaintiff’s alleged estoppel to question the transfer because of his acceptance of it without protest at the time of his transfer from the higher-paid to the lower-paid position. State ex rel. Golson v Winn Parish, La.App. 2 Cir., 9 So.2d 342, certiorari denied; cf., Arrington v. Grant Parish School Board, La.App. 3 Cir., 130 So.2d 443; hut see, Dugas v. Ascension Parish School Board, above cited, syllabus 5. Therefore, .such issue also is not before us in the present suit.