176 So.2d 741 (1965)
Clyde W. ASWELL, Plaintiff-Appellee,
v.
JACKSON PARISH SCHOOL BOARD, Defendant-Appellant.
No. 10389.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1965.
*742 Fred L. Jackson, Homer, W. Jackson Emmons, Jonesboro, Barham, Wright & Barham, Ruston, for appellant.
David T. Caldwell, Jonesboro, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This action was instituted by plaintiff praying for issuance of a writ of mandamus ordering defendant, Jackson Parish School Board, to reinstate plaintiff in the position of Principal of Quitman High School. After hearing on the rule nisi there was judgment in favor of plaintiff making the alternative writ of mandamus peremptory and ordering his reinstatement as prayed for. From this judgment defendant has appealed.
For about fourteen years prior to August 25, 1964, plaintiff was employed by defendant School Board as Principal of the Quitman High School in Jackson Parish. By reason of the development of some difficulty and dissension in connection with the administration of the Quitman High School, the defendant School Board had discussed and considered the situation with particular reference to plaintiff's responsibility therefor at several meetings during the months of April, May, June, July and August, 1964. The controversy culminated in the filing of formal written charges against plaintiff which were fixed for consideration at the meeting of the School Board scheduled for August 25, 1964. During a period of time prior to the date fixed for said meeting efforts had been made by individuals acting directly or indirectly as representatives of the School Board to bring about a solution of the problem. Specifically, the attempt was made to persuade plaintiff to accept a transfer to another position. For reasons hereafter set forth, we find it unnecessary *743 to enter into a detailed discussion of these negotiations. It suffices to say that at the time the meeting was convened a letter written by plaintiff's attorney directed to the Jackson School Board was read to said body. The letter outlined plaintiff's position and particularly informed the Board that he would neither resign as Principal of Quitman High School nor request a transfer to another position and concluded with the following statement:
"Mr. Aswell further states that he recognizes that the laws of this State, under certain conditions, allow the transfer of employees of the various School boards, even though they are protected by tenure, and that this is a matter about which he will have to decide if the Board should vote to transfer him."
After reading the letter and some deliberation on the matter, the Board unanimously voted (1) to withdraw the written charges against plaintiff, and (2) to transfer plaintiff from the "Principalship at the Quitman High School to Director of Guidance Services and Supervisor of Adult Education on a 12-month basis at the same salary he received as Principal effective August 31, 1964."
It is the contention of plaintiff that the action of defendant constituted an illegal removal from the office of Principal. Before this court defendant urges that plaintiff is estopped to contest the action of the Board by reason of his agreement to accept the transfer without contest, and that the action of the School Board did not constitute a removal from office but simply effected a transfer from one position to another, which transfer did not, in any sense, constitute either a demotion in professional status or a reduction of salary, and, therefore, was not prohibited by the provisions of the Teachers Tenure Act, L.R.S. 17:441 et seq.
The first question as to estoppel is factual. Regardless of the verbal understanding between plaintiff and employees of the school system, who discussed the matter with him, the record clearly supports the conclusion that the letter to the School Board, written by plaintiff's attorney on his authorization, served as a denial of any consent or agreement to the transfer on the part of plaintiff. Since the letter was read to the members of the School Board prior to their action, they could not have relied upon their interpretation of any previous agreement or understanding, and, therefore, the plea of estoppel must be denied.
We find no prohibition in the Teachers Tenure Law nor any jurisprudential interpretation which would justify a holding that a school board cannot transfer a teacher from one position to another so long as no element of demotion, lowering of professional standing or any deduction of salary is involved. It follows that we must accept the argument of the defendant that its action constituted a transfer and not a removal from office.
However, there is another factor involved in connection with the transfer of plaintiff from the position of Principal which is entitled to serious examinations. The evidence is uncontroverted on the point that plaintiff does not possess the required qualifications for the position of Director of Guidance Services and Supervisor of Adult Education and that it will be necessary for him to return to school for further study in order to acquire the number of "points" or "credits" which would permit him to hold such position on a permanent basis. It is established that plaintiff can perform the duties of the position to which he was transferred under a temporary certificate which waives compliance with all qualification requirements for a period of time. Obviously, the purpose of such a temporary certification is designed to give the individual an opportunity to return to school and obtain the necessary hours of additional training which would fulfill the requirements of the position. Under such conditions *744 this might appear to be a minor and unimportant requirement, but we are here confronted with a situation which imposes a burden upon plaintiff which he is not compelled to assume. The salient fact is that plaintiff was fully qualified for his position as Principal of the Quitman High School which he had held for a period of some fourteen years. It is evident that a transfer from this position to one which requires additional training and the expense attendant thereupon not only jeopardizes plaintiff's permanent employment in the position to which he was transferred but also imposes a burden which was not necessary to the continuance of his former position.
Despite our conclusion that a school board has the right to transfer a teacher from one position to another of equivalent standing and salary, we think the action in this case violates the intent, purpose and implicit protection designed for the security of teachers and guaranteed by the statute involved.
For the reasons assigned the judgment appealed from is affirmed.