251 So.2d 833 (1971)
Loretta B. PARDUE
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 8528.
Court of Appeal of Louisiana, First Circuit.
August 6, 1971.
Rehearing Denied September 14, 1971.
Duncan S. Kemp, III, Hammond, for appellant.
Edward Brent Dufreche, Ponchatoula, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
Plaintiff Loretta B. Pardue is a teacher at Springfield High School in Livingston Parish. From the fall of 1966 through the end of the 1969-70 school year, she served in the capacity of guidance counsellor. For the 1970-71 school year, plaintiff was removed from her position of guidance counsellor and was assigned as an English teacher. This suit was brought in August, 1970, to enjoin the defendant Livingston Parish School Board from "demoting" plaintiff from the position of guidance counsellor. From a judgment dismissing her suit, plaintiff has appealed.
In order to serve as a guidance counsellor, one must have a teacher's certificate, three years teaching experience in one's *834 certified field, a master's degree, and 15 hours of instruction in guidance counselling. In order to serve as an English teacher, one need only be the holder of a teacher's certificate in that field.
It is possible to have temporary authorization to serve as a guidance counsellor, and to continue to serve as such while studying to meet the aforementioned educational requirements. The temporary authorization can be maintained in effect from year to year so long as the teacher earns six hours credit per year towards a master's degree in guidance.
The record shows that plaintiff began serving as guidance counsellor at Springfield High in 1966, under a temporary authorization. She maintained this in effect for the next three years by taking the required courses, and, having satisfied all requirements, received her permanent certificate as a guidance counsellor on February 3, 1969. It is not pretended that her work as such was in any way unsatisfactory.
Shortly before the beginning of the 1970-71 school year, defendant was ordered by the United States District Court to integrate the faculties of its schools so that 85% of the teachers would be white and 15% thereof would be black. It was in the course of the various transfers necessitated by the court order that Mrs. Pardue was transferred to the position of English teacher.
It is shown that a guidance counsellor and an English teacher receive the same pay from local and state sources. Guidance counsellors usually receive one or two weeks pay per year for extra work done, in a federally funded program.
Mrs. Pardue claims that she was illegally demoted by defendant. The defendant alleges that there is no difference in status between a guidance counsellor and an English teacher, and that there has been no demotion.
R.S. 17:444 provides as follows:
"Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:442 and 17:443, in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the lower position from which he or she was promoted.
"During the probationary period in the position to which promoted a teacher shall not be disciplined, removed or demoted to the lower position from which he or she was promoted except in compliance with the provisions of R.S. 17:442. At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with R.S. 17:442, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed or demoted from such higher position except in compliance with the provisions of R.S. 17:443.
"Where a teacher has not completed the probationary period for teachers as required by R.S. 17:442, or for a particular promotional position as established herein, and is promoted to a higher position, the probationary period, either as a teacher or in the previous promotional position, shall continue to run and at the end of such three year probationary period the teacher shall automatically acquire permanent status in the previously held position until permanent status in the new position is acquired by compliance with the provisions of this Section."
Under the provisions of R.S. 17:442, a probationary teacher can be dismissed only for valid cause expressed in writing. Under R.S. 17:443, a permanent or tenured teacher can only be dismissed upon written and signed charges, and then only if found guilty after a hearing. None of the foregoing *835 requirements have been fulfilled, and it is not necessary that we decide if plaintiff holds permanent status as a guidance counsellor. It is contended by the defendant that her service for purpose of tenure as a guidance counsellor began when she received her permanent certificate. However, since the reason for the transfer was totally unrelated to matters of professional competence and since there was no written notice thereof, defendant cannot rely on this as legal justification for its action.
In construing R.S. 17:442 and 443, our courts have consistently held that they protect a teacher not only from dismissal without cause, but also from transfer to a position of lesser status, rank or salary.
In Aswell v. Jackson Parish School Board, 176 So.2d 741 (La.App. 2 Cir. 1965), the court said:
"We find no prohibition in the Teachers Tenure Law nor any jurisprudential interpretation which would justify a holding that a school board cannot transfer a teacher from one position to another so long as no element of demotion, lowering of professional standing or any deduction of salary is involved. It follows that we must accept the argument of the defendant that its action constituted a transfer and not a removal from office."
Since the minimum educational requirements for the position of guidance counsellor are higher than those of an English teacher, it is evident to us that a guidance counsellor must enjoy a higher professional standing, even though the salaries of the two positions are the same. It follows that a transfer from the former to the latter involves a lowering of professional standing, and is forbidden by law unless carried out under the provisions of R.S. 17:442 and 443, which have not been complied with in this case.
We sympathize with the defendant School Board, which was compelled by a court order to carry out a major re-shuffling of its teachers only two weeks before the beginning of its school year. However, the federal court order is no reason for disregarding the Teacher Tenure Law of this State, which was enacted for the protection of all teachers in the school system.
The judgment appealed from is reversed, and there is judgment herein enjoining the defendant Livingston Parish School Board from transferring Loretta B. Pardue from the position of guidance counsellor to any position of lesser professional standing as herein defined. Defendant is to pay all costs for which it may be legally obligated.
Reversed and rendered.