279 So.2d 779 (1973)
Mrs. Sarah DANTONE
v.
TANGIPAHOA PARISH SCHOOL BOARD.
No. 9378.
Court of Appeal of Louisiana, First Circuit.
May 29, 1973.
Rehearing Denied July 5, 1973.
Writ Refused August 31, 1973.
Joseph H. Simpson and Edward Dufreche, Asst. Dist. Atty., Amite, for appellant.
Hobart O. Pardue, Jr., Springfield, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
BLANCHE, Judge.
Plaintiff, Mrs. Sarah Dantone, who was transferred from a position as teacher-principal to that of classroom teacher and received a salary reduction, instituted this mandamus proceeding to compel her employer, the Tangipahoa Parish School Board, to restore her salary to the level of teacher-principal. Mrs. Dantone was employed as a teacher-principal at the Sweetwater Elementary School until it was closed by a Federal Court order at the end of the 1970-71 school year. When this occurred, Mrs. Dantone was transferred as a fifth grade teacher to the Loranger School, an elementary-secondary school, beginning *780 September, 1971, and her salary was reduced a commensurate amount. In addition to a restoration of her principal's salary, plaintiff also sought unpaid salary for two months and a position as assistant principal at Loranger School.
The trial judge rendered judgment in plaintiff's favor in the sum of $2,767.32 and ordered that the school board reinstate her to the full salary status she received as principal of Sweetwater Elementary School, plus any normal increases she would have been entitled to as a principal, and further ordered that she be appointed to a position of assistant principal at Loranger School at the next available vacancy. No reasons for judgment were handed down by the trial judge.
The defendant school board has appealed from this judgment and plaintiff has answered the appeal, contending that the appeal is frivolous and asking for damages therefor. We amend in part and affirm in part.
Defendant maintains on appeal that plaintiff is not qualified for any position at Loranger School other than that of a classroom teacher because Loranger is a high school and she was previously teacher-principal of an elementary school. Defendant further asserts that plaintiff was paid all of her salary for the year 1971.
Our review of the record, including the joint stipulations of counsel and the attachments thereto, reflects the following factual situation:
(1) Mrs. Dantone was a tenured teacher who was promoted to a position as teacher-principal of Sweetwater Elementary School.
(2) In connection with such promotion, she received an annual salary increment of $934 for the 1970-71 school year and $900 for the 1969-70 school year.
(3) Plaintiff was transferred to Loranger School at the direction of a United States District Court desegregation order[1] which closed Sweetwater Elementary School, a matter unrelated to her qualifications.
(4) Plaintiff did not receive the $934 annual teacher-principal increment after her transfer to Loranger School but was paid only as a classroom teacher.
We consider first the action of the school board in reducing plaintiff's salary. A teacher's employment is controlled by the provisions of the Teacher Tenure Law as set forth in LSA-R.S. 17:442 et seq. Another panel of this Court recently considered these statutory provisions in Pardue v. Livingston Parish School Board, 251 So.2d 833 (La.App. 1st Cir. 1971). There it was stated:
"In construing R.S. 17:442 and 443, our courts have consistently held that they protect a teacher [or principal] not only from dismissal without cause, but also from transfer to a position of lesser status, rank or salary." (Pardue v. Livingston Parish School Board, 251 So.2d 833, 835)
In the Pardue case this Court held that a school board could not "demote" a teacher from a position of guidance counselor to English teacher, even though the salaries of the two positions were equal, where minimal educational requirements for the counselor position were higher than those of an English teacher. The reason for the transfer in the Pardue case, as in the case at bar, was unrelated to matters of professional competence.
*781 Moreover, in the event a similar position is not available for a teacher or principal, the transfer must be to the nearest position but without any loss in salary. Hayes v. Orleans Parish School Board, 225 So.2d 131 (La.App. 4th Cir. 1969), reversed on other grounds, 256 La. 677, 237 So.2d 681 (1970).
In our view the position of a principal-teacher is obviously higher in status than that of a classroom teacher since it entails both greater responsibility and higher salary. Therefore, that portion of the judgment of the trial court ordering plaintiff's reinstatement by the school board to the full salary status she received at Sweetwater Elementary School, plus any normal salary increases, is correct.
The trial judge ordered that plaintiff be "appointed to a position of Assistant Principal at Loranger School at the next available vacancy." This position was vacant when plaintiff was transferred to Loranger but by the time of trial had been filled by someone else. We do not agree with his holding in view of the foregoing statement of the law as set forth in the Hayes case, cited supra. Therefore, we will amend the judgment of the trial court in this respect and order that plaintiff be appointed to the nearest available position of equal status and rank as the one she held at Sweetwaetr Elementary School, i. e., teacher-principal.
The next matter for our consideration is the trial judge's award of $2,767.32 to plaintiff. Although plaintiff did not make an assignment of error as to the amount of the award, she did answer the appeal and the correctness of the award by the trial court can be considered by us. The award was obviously made to compensate plaintiff for unpaid salary for the months of July and August, 1971, plus an amount to restore her salary to the level of teacher-principal from September, 1971, to the date of judgment, or January 24, 1973. Our examination of the joint stipulations of counsel, together with the salary records of plaintiff which are attached thereto, reveal that plaintiff's salary as teacher-principal at Sweetwater Elementary School for 1970-71 was $9,734, including $8,800 base salary and $934 additional as a principal, or $811.24 per month, on a twelve-month basis. At Loranger School plaintiff received $9,200, including $8,800 as a classroom teacher plus a salary raise of $400, or $766.67 per month, on a twelve-month basis. Accordingly, the award to plaintiff should be calculated in the following manner:

(1) Two month's salary at $811.24 $1,622.48
(2) Teacher-principal's salary of $934
for 1 year, 3 months and 24 days 1,227.73
 _________
Total $2,850.21

Under the broad authority accorded appellate courts by virtue of LSA-C.C.P. Art. 2164, we will amend the award in plaintiff's favor from the sum of $2,767.32 to the sum of $2,850.21.
Lastly, plaintiff has answered the appeal seeking damages for frivolous appeal. Except for that portion of the judgment which erroneously required defendant to appoint plaintiff to the position of Assistant Principal at Loranger School, we would have granted plaintiff's demand for damages because we have no confidence in an appeal taken from a judgment which allowed a reduction of plaintiff's salary. See Pardue, supra, where counsel for appellant was counsel of record for defendant. However, relief was granted defendant as hereinabove noted, and in this respect we do not regard the appeal as frivolous.
For the above and foregoing reasons, the judgment of the trial court appointing plaintiff to a position of Assistant Principal at Loranger School is amended so as to order that plaintiff be appointed to the nearest available position of equal status and rank as the one she held at Sweetwater Elementary School, i. e., teacher-principal. The judgment is further amended so as to increase the award in plaintiff's favor *782 from $2,767.32 to $2,850.21. In all other respects the judgment of the trial court is affirmed. All costs of this appeal are to be borne by defendant-appellant.
Amended and as amended, affirmed.
NOTES
[1] The section of the Federal Court order affecting plaintiff's transfer from Sweetwater to Loranger reads as follows: "E. The principal of each of the schools that will be closed shall be assigned either as a principal to some other school, or as an assistant principal in a school that a member of the opposite race is serving as principal, unless it is determined in a particular instance that this is not educationally feasible for a valid reason not related to race. * * *" (Joint Stipulations, Record, p. 10)