ELAINE DAVIS
v.
CECIL PICARD AND LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION
2007 CA 2198
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Not Designated for Publication
Nancy Picard Metairie, LA Counsel for Plaintiff/Appellee Elaine Davis
Angelique Duhon Freel Karen L. Godwin Rodney A. Ramsey Assistant Attorneys General Baton Rouge, LA Counsel for Defendants/Appellants Cecil Picard and Louisiana State Board of Elementary and Secondary Education
BEFORE: PARRO, KUHN AND DOWNING, JJ.
DOWNING, J.
Paul Pastorek[1] and the Louisiana Board of Elementary and Secondary Education (collectively, "BESE") appeal a judgment that granted Elaine Davis's motion for partial summary judgment on the issue of liability and denied BESE's cross-motion for summary judgment.[2] The revised judgment recited the trial court's finding that Ms. Davis had been demoted in contravention of the teacher tenure laws. It ordered that Ms. Davis's back pay and retirement system contributions be adjusted to reflect her proper salary. The trial court retained jurisdiction to determine the proper amounts owing. For the following reasons, we reverse the partial summary judgment granted in favor of Ms. Davis.

PERTINENT FACTS AND PROCEDURAL HISTORY
Elaine Davis had been employed by Special School District No.l (SSD) since 1984. She was promoted to Acting Assistant Director for SSD in 1997. In 1977, she had been placed at grade M-2, step 13, year 1. At the time this litigation commenced in July 2005, she had reached grade M-2, step 13, year 5. There is only one assistant director position in SSD.
The SSD's pay scale was tied to the East Baton Rouge Parish (EBR) school system's management salary scale in 1992. However, the positions in SSD do not precisely correlate to those in the EBR school system, but are matched as closely as possible. During the 1999-2000 school year, the EBR school board revised its classifications and pay ranges. It raised the pay range for the M-2 pay grade. It also created a new M-2 A pay range between M-2 and M-3.
In August 2001, Ms. Davis received notice that she had been placed in Step 10, not step 13, of the M-2 pay grade and that her salary was not being calculated according to her previous position. She was, therefore, to receive a smaller raise than anticipated. Her supervisor was responsible for this action.
Ms. Davis filed a grievance, which was denied. Her appeal to BESE was also denied. She filed for an administrative review in the district court, which she lost.[3] Ms. Davis then filed the current litigation. Nearly two years later, she filed the motion for summary judgment at issue here, asserting that she was demoted in violation of the Teacher Tenure Act, La. R.S. 17:45 A. BESE filed a cross-motion for summary judgment, asserting that Ms. Davis was not demoted and that it acted consistently with the teacher tenure laws.
After a hearing and post-trial memoranda, the trial court ruled in Ms. Davis's favor as described above. The trial court denied BESE's motion for new trial. This appeal followed. BESE raises the following assignments of error:
A. The trial court erred in preparing and executing a judgment that does not meet the specificity requirements of the Louisiana Code of Civil Procedure.
B. The trial court erred in granting plaintiffs motion for summary judgment and denying the cross-motion for summary judgment filed by defendants when:
1. Plaintiff failed to offer evidence showing that Plaintiff, who is employed in an "Acting" position, is tenured;
2. Louisiana Teacher Tenure Laws do not guarantee any specific salary increase, and Plaintiff had no property interest in the method used to calculate her salary;
3. A specific method of computing salary does not constitute a "status" within the meaning of Teacher Tenure Laws, and the EBR Management Scale itself allows the necessary discretion to make changes to the pay grades; and
4. The jurisprudence shows that BESE's interpretation of the Manual and its policies is entitled to full force and effect.
C. The trial court erred in considering an affidavit which is clearly contrary to early deposition testimony provided by the affiant.
Assignment of Error A is now moot since the judgment has been revised and certified as final subsequent to a show cause order from this court.[4] We pretermit discussion of Assignment of Error C due to the disposition within.

DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rail, 07-1726, p. 3 (La. 2/26/08), 977 So.2d 880, 882; see La. C.C.P. art. 966. Appellate courts review de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Samaha, 07-1726 at p. 3, 977 So.2d at 882-83.

Tenure
In claiming that she is tenured, Ms. Davis relies on La. R.S. 17:45A(3)(a), which provides for permanent status after serving in a new position for three years, as follows:
Whenever a teacher who has acquired permanent status, as set forth in this Section, in a special school is promoted from a position of lower salary or status in such special school to a position of higher status or salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the position of lower status or salary from which he or she was promoted.
BESE admits as an uncontested fact that Ms. Davis had been serving in her position at the M-2, level 13 pay grade for four years at the time in question and that she had acquired permanent status in her previous position. BESE argues in Assignment of Error Bl, however, that Ms. Davis has failed to prove that she is tenured because she is in an "acting" position. BESE points to no provision or principle of law that precludes one from tenure because he or she is in an "acting" capacity, nor have we found any. La. C.C.P. art. 966B provides that the movant, here, Ms. Davis, has the burden of showing that there is no genuine issue as to material fact, and that she is entitled to judgment as a matter of law. Without more, BESE's assertion that Ms. Davis's service in an "acting" position somehow affected her tenure rights does not show the existence of a genuine issue of material fact. Accordingly we conclude on our de novo review of the supporting evidence that BESE's argument in this regard is without merit.

Demotion
In its written reasons for judgment, the trial court "determine[d] that the change in Elaine Davis's rank ... is an actual change in status and will result in a change in pay." In its revised judgment, it found BESE liable to Ms. Davis "for demoting her in violation of La. R.S. 17:45 et seq." Neither law nor contract provides a definition of "status" or "demotion" for the present purposes. The trial court apparently based its conclusions on the totality of the evidence. However, in reaching these conclusions, the court had to answer at least two implicit questions of fact, which precludes entry of summary judgment in favor of Ms. Davis: 1) does reduction to pay grade M-2, level 10 from M-2, level 13 subjectively lower her status or rank?; and 2) were BESE's actions in connection with Ms. Davis done pursuant to its generally applicable policies or was Ms. Davis singled out for a reduction in level?
Ms. Davis's affidavits, depositions, and other evidence tend to show that pursuant to BESE's pertinent pay policies, she automatically achieved M-2, level 13, step 5 on July 1, 2001. BESE's personnel manual, Bulletin 1864, provides in the section on special schools and special school districts that "Special School District #1 Central Office professional staff salaries shall be computed using the East Baton Rouge Parish Public School Management Scale." The pertinent EBR Salary Procedures provide that "[s]alary step advancement will be automatic on July 1, as prescribed by `time in step' on the schedule." Thus, Ms. Davis argues that when she received notice in August 2001 that she was being placed at M-2, level 10, her status was lowered in contravention to La. R.S. 17:45A, set out above. Her evidence shows that she was the only employee of the SSD who was reduced in pay grade after the EBR school system amended its payment schedule in 2000. She shows that this action was taken, not by BESE, but by her supervisor on the direction of his supervisor. She shows that her supervisor had never, in this context, used his alleged discretion in altering the salary policy.
Ms. Davis acknowledges that BESE could have revised its salary policies before the change would have affected her and that her tenure rights would not have been affected. She shows, however, that BESE did not change its policies until after she was affected. She therefore concludes that BESE singled her out for reduction in pay grade, contrary to the requirements of La. R.S. 17:45.
BESE argues to the contrary that it had discretion in "using" the EBR pay grade scale.[5] It shows that it "used" the scale, but did not apply it directly to Ms. Davis. It shows that Ms. Davis was the only employee at the M-2 pay grade and that changes to the EBR scale did not affect the pay grade of other staff members. BESE further shows that Ms. Davis's salary was not reduced by the change in pay grade: rather, her salary was increased. It shows that she had no change in her title, position or job duties.
BESE argues that a change in the formula for calculating salary is not, as a matter of law, a demotion and that Ms. Davis has no property interest in any particular means of calculation. It further argues that it did not single out Ms. Davis for disparate treatment from other employees. It asserts that changes were made to the M-2 pay grade pursuant to its policies and discretion and that it was not singling out Ms. Davis by its actions.
Louisiana Revised Statutes 17:45 and the other teacher tenure laws protect teachers: "The provisions of the Teachers Tenure Law must be liberally construed in favor of teachers, since teachers are its intended beneficiaries." Palmer v. Louisiana State Bd. of Elementary and Secondary Educ., 02-2043, p. 8 (La, 4/9/03), 842 So.2d 363, 369. Construing the teacher tenure laws, this court has observed that "our courts have consistently held that they protect a teacher not only from dismissal without cause, but also from transfer to a position of lesser status, rank or salary." Pardue v. Livingston Parish School Bd., 251 So.2d 833, 835 (La.App. 1 Cir. 1971) Even so, summary judgment is appropriate only where the evidence shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. Here, whether Ms. Davis was demoted or was reduced in salary or rank are subjective questions of fact that preclude entry of summary judgment. A motion for summary judgment is rarely appropriate for a determination based on subjective facts. Carter v. BRMAP, 591 So.2d 1184, 1189 (La.App. 1 Cir. 1991).

DECREE
For the foregoing reasons, on our de novo review, we reverse the grant of summary judgment in favor of Ms. Elaine Davis and against Paul Pastorek and the Louisiana Board of Elementary and Secondary Education and remand this matter for further proceedings. Costs of this appeal are to be split equally between Ms. Davis and the Louisiana Board of Elementary and Secondary Education in the amount of $1,321.50 each.
REVERSED AND REMANDED; SUPERVISORY JURISDICTION DECLINED
NOTES
[1] Paul Pastorek is the current Louisiana State Superintendent of Education, having replaced Cecil Picard after his demise. The caption of the case is unchanged.
[2] By the plain terms of La.C.C.P. art. 968, no appeal lies from a trial court's refusal to render a summary judgment. See also Belanger v. Gabriel Chemicals, Inc., 00-0747, p. 5 (La.App. 1 Cir.5/23/01), 787 So.2d 559, 563. While BESE asks us to exercise our supervisory jurisdiction to review the denial of their summary judgment motion, no compelling reasons for us to do so seem apparent. Accordingly we decline to exercise our supervisory jurisdiction. Even so, we note that as a practical matter, our resolution here effectively disposes of BESE's cross-motion for summary judgment, since both summary judgment motions addressed the same issues.
[3] In reasons for its ruling denying BESE's exception of res jutlicata in this case, which was not appealed, the trial court explained that Ms. Davis was not allowed to raise her claims under the teacher tenure laws in the administrative review and that she, therefore, had to bring them in a separate lawsuit.
[4] We are required to review the propriety of the certification on which our jurisdiction to hear the appeal under La. C.C.P. art. 1915B is based before we address the merits of the appeal. Baldwin v. Board of Sup'rs for University of Louisiana System, 06-0961, pp. 3-4 (La. App. 1 Cir. 5/4/07), 961 So.2d 418, 420. We agree that the certification is correct and that there is no just reason for delay because the determination of liability, or Sack thereof, is permitted under La. C.C.P. art. 966E and the determination of liability resolves major issues in the litigation.
[5] Wliile the EBR management salary procedures allows the EBR School Board discretion to change pay grade assignments, it is unclear under the BESE personnel manual. Bulletin 1864, who, if anyone, can exercise this discretion..